ADA B. COMSTOCK'S CASE.

Knox.  Opinion December 26, 1930.

*Frank H. Ingraham,* for plaintiff.
*Clement F. Robinson,*
*Richard Small,* for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRING-
TON, THAXTER, JJ.

DUNN, J.   An employee, whose case was held compensable in ad-
versary proceedings under the Workmen's Compensation Act (the
1916 revision of the statutes, as amended, applying) received com-
pensation to the time of his death, which occurred more than three
hundred weeks from the day of his injury.

The dependent widow of the deceased employee was denied com-
pensation.

The Associate Legal Member of the Industrial Accident Com-
mission held that R. S. 1916, Chap. 50, Sec. 12, as amended by
Chap. 238, P. L. of 1919, and by Chap. 222, P. L. of 1921, rather
than R. S. 1916, Chap. 50, Sec. 14, as amended by the 1919 and
1921 Laws, governed the case, and gave no right to claim compen-
sation.

The case being ripe for affirming decree, a Justice of the Superior
Court entered such decree. The widow appealed from that decree.

Hiram A. Comstock, the husband of the appellant, was an over-
seer at the state's prison.  On June 19, 1923, a convict assaulted
him. As a consequence of battery, Mr. Comstock was off duty for
eight days.  He then resumed his employment, and continued in
such employment, on full wages, to May 5, 1928. ·

In June of 1928, five years after the assault and battery, Mr.
Comstock petitioned for compensation.  He alleged his incapacity,
as a result of the injury, to do heavy labor.  Counsel for defense
filed no formal answer.

At the hearing, provisions laid down by the Workmen's Com-
pensation Act, in respect to the giving of notice of claim and the
beginning of proceedings, were expressly waived. The member of
the Commission, who heard the case, says this was to the end that
decision might go on the merits.

The Commissioner found the accident responsible "for the pres-
ent condition of total incapacity," and awarded compensation
from May 5, 1928, the day the employee stopped working, at
$16.00 per week.

Liability thus established took effect and was binding upon the
parties.

Weekly payment was made until Mr. Comstock died. The date of his death was July 6, 1929.

Petition of the widow was filed the next following August. The petition alleged, among other things, that the employee died as a result of the injury. Answer denied all the allegations of the petition, except that the employee received an injury; and that he died on the day alleged in the petition. Besides, the answer pointed out, as reason for dismissing the petition, that three-hundred-weeks period from the date of injury expired March 18, 1929.

The Workmen's Compensation Act, in application to the case at bar, does not exhaust the subject of compensation for employees, and for dependents of employees, in a single section. Different sections create, define, and admeasure different obligations.

R. S. 1916, Chap. 50, Sec. 12, as amended, so far as its prescription is material to inquiry, is in these words:

"Sec. 12. If death results from the injury, the employer shall pay the dependents of the employee, wholly dependent upon his earnings for support at the time of his injury, a weekly payment equal to two-thirds his average weekly wages, earnings or salary, but not more than sixteen dollars nor less than six dollars a week, for a period of three hundred weeks from the date of the injury, and in no case to exceed four thousand dollars. . . . When weekly payments have been made to an insured employee before his death, the compensation to dependents shall begin from the date of the last of such payments, but shall not continue more than three hundred weeks from the date of the injury."

Of Section 14, in connection with present purpose, this is the tenor:

"Sec. 14. While the incapacity for work resulting from the injury is total, the employer shall pay the injured employee a weekly compensation equal to two-thirds his average weekly wages, earnings or salary, but not more than sixteen dollars, nor less than six dollars a week; and in no case shall the period covered by such compensation be greater than five hun-.dred weeks from the time of incapacity, nor the amount more

than six thousand dollars; and if the employee shall die before having received compensation to which he is entitled or which he is receiving as provided in this act, the same shall be payable to the dependents of said employee for the specified period, and the said dependents shall have the same rights and powers under this act as the said employee would have had if he had lived."

Also, the section makes the conclusive presumption that, from any of six injuries which the section enumerates, the result is total and permanent disability for working.

But the legislative conclusion that, from injuries of the character the section distinctly names, disabilities are total and permanent, regardless of the circumstances of fact about it, is not of present relation, for Mr. Comstock's injury was not of those kinds.

However, it was decided by the sitting member of the Industrial Accident Commission that incapacity for working, on the part of Mr. Comstock, was total in the actuality of fact.

Section 14, opposing counsel agree, fixed the compensation of the injured employee.

The same section is advanced as the reliance of the appellant. But contention in her behalf can not be sustained.

It was for the injured employee, within restrictions of the statute as to time and amount, to receive compensation in the duration of his total incapacity to do work.

The employee did not, in the language of Section 14, "die before having received compensation to which he was entitled." When he died, he was, as has been noticed already, "receiving compensation." But his injury being outside the category of presumed incapacity, the weekly payment came to an end when death terminated, not merely supposed, but real incapacity.

On this state of facts, as a matter of law, nothing was "payable to the dependents of said employee for the specified period." Section 14.

If, under Section 14, instead of actual incapacity, compensable within limits while it existed, and only while it existed, the injury occasioned Mr. Comstock by the assault had been any of those which the section conclusively presumes total and permanent, and

he had died before receiving the compensation, or while receiving compensation, which Section 14 defines, "the same (would have been) payable to the dependents of the said employee for the specified period." Section 14.

"Specified period," taken alone in Section 14, clouds the subject.

Sections of the same statute on the same matter, in order to get at a provision which seems obscure, you take the sections together to determine meaning, and what effect should be given to the particular provision; you consider what the purpose of the Legislature was, what object the Legislature had in view, and what it expected to accomplish. These rules apply to any law; they are rules of common sense.

Section 15 of the act deals only with compensation for partial incapacity. Section 16 schedules disabilities, other than those in Section 14, and denominates such disabilities total for specific periods.

"In cases included in the following schedule," runs Section 16, "disability . . . shall be deemed to be total for the period specified and after such specified period, if there be a total or partial incapacity for work resulting from the injury specified, the employee shall receive compensation while such total or partial incapacity continues under the provisions of sections fourteen and fifteen respectively . . . ."

The several sections, 12, 14, 15, 16, have to do with the legislative substitution for the rights of action and grounds of liability given by the common law, perhaps by earlier statutes, of a system of weekly payments, based upon the loss of wages resulting from injury, and burdened upon the industry in which, and because of employment in which, injury was sustained.

Section 14, read apart from any other section, may bring this case within the stretch of its letter.

But a thing within the letter of a statute is not within the statute, unless it is within the intention of the Legislature. Legislative intention, in the instant situation, is gatherable by taking all the sections as a whole and construing them together. So taken and so construed, Section 14 does not govern the case of the appellant dependent widow. *Nickerson's Case*, 125 Me., 285.

Section 12 defines the rights of dependents of employees, where death results from injury. *Nickerson's Case,* supra. The opening sentence of Section 12 is positive and direct. It is this: "If death results from injury." In Section 14, there is not the qualification that death result from injury.

The provision of Section 12, as it concerns this case, may be stated thus wise:

"Where death results from injury, after weekly compensatory payment to the employee, compensation to his dependents shall begin from the date of the last payment, if within three hundred weeks of the day of employee's injury, and thence continue to the expiration of such three-hundred-week period."

The proof, then, must show, to establish compensable status for a dependent, not alone death of the employee from injury, but death within three hundred weeks from the incurrence of injury.

The requirement is a part of the section, a part of the compensation act itself, which the industrial accident tribunal and the judicial courts are bound to enforce.

The appellant could not, the fact being otherwise, establish that her husband's death occurred within three hundred weeks from the time of accident. So her petition was denied.

Counsel concedes that, if Section 12 be governing, the three-hundred-weeks period having preceded death, his client is entitled to no compensation, "unless the employer has waived the provisions of that section."

Argument is, not waiver in the familiar sense of waiver in pais, i.e., the voluntary surrender or abandonment of a known right, but, using the expression as a convertible term, the analogous practical result of the inhibition to assert the right.

In appellant's brief it is said that, "Having paid compensation for more than 300 weeks, the employer is estopped from asserting that compensation was only payable for the 300 weeks period, having by its payments admitted it was 500 weeks."

It may be answered simply, that if, under the Workmen's Compensation Act, it be possible to put the state in the stage of quasi estoppel, the elements are wanting.

Compensation was awarded the injured employee during total disability; to be sure, to recur to the statute, within five hundred weeks, or six thousand dollars. Payment of compensation was made until the employee died. He died within five hundred weeks and before weekly payments amounted to six thousand dollars. If, in the case of the employee, there were mistake as to what the law was, it would not, in the case of the widow, make the law other than it is, nor estop the employer from relying on the law as it really is.

Further contention is, that payment of compensation to the employee for more than three hundred weeks was circumstance to warrant the finding of an admission that the employer was bound to pay compensation, under Section 14, for total permanent incapacity for working.

There was recognition, manifested by weekly payment to the employee, that liability, incapacity, and compensation had been determined by the Industrial Accident Commission.

That was the case of the injured workman. This is the case of his widow. The rights of the former were governed by Sec. 14, R. S., *supra*. Section 12 governs the case of his widow. R. S., *supra*.

Finally, the brief stresses the provision of the Workmen's Compensation Act that it be construed liberally with a view to carrying out its general purpose.

Though the Legislature has declared for liberal interpretation and construction of the act, "its express provisions can not be extended beyond their reasonable import." *Moran's Case*, 234 Mass., 152.

As there was no proper basis to make an order for compensation, the prayer of the petition of the appellant was rightly denied.

*Appeal dismissed.*
*Decree below affirmed.*