AMERICAN MUTUAL LIABILITY INSURANCE COMPANY *et al. v.* WIGLEY.

No. 10360.   November 17, 1934.

*McDaniel, Neely & Marshall* and *Harry L. Greene*, for plaintiffs in error.

*Poole & Fraser*, contra.

RUSSELL, C. J. Under subparagraph 1 of paragraph (d) of section 2 of the workmen's compensation act, where an injury occurs to an employee and the employer is required to compensate the employee, and at the same time a third person has injured the employee as a tort-feasor, if the injured employee establishes a legal liability against the third person who is a tort-feasor, the compensation awarded under the provisions of the workmen's compensation act shall be reduced by a contribution from the recovery against the tort-feasor upon the legal liability for the wrong inflicted by him. From this it is plain that voluntary settlements between one who may have been injured by the negligence of another, and such other, are not within the scope of this section of the amendment to the original workmen's compensation act. It appears from the question in this case that it was expressly agreed

in the settlement that the defendant did not admit legal liability. A reasonable inference which can be drawn from this language might be that the alleged tort-feasor, while denying any liability, was willing to make settlement and buy his peace rather than to be subjected to the trouble and expense of a lawsuit. Inasmuch as there could be no contribution in reduction of the compensation allowed under the provisions of the workmen's compensation act, except where the recovery of damages against a third party is by the establishment of legal liability, it is needless to determine at this time whether, in a case of legal liability, the amount to be considered should be the gross recovery or the net recovery. The question propounded by the Court of Appeals is answered in the negative. *All the Justices concur.*