24532.   COLUMBIA CASUALTY CO. *et al. v.* WHITEN.

DECIDED APRIL 3, 1935.

*John M. Slaton,* for plaintiffs in error.

*Francis Fuller, W. L. Bryan, Poole & Fraser,* contra.

GUERRY, J. W. G. Whiten, while in the employ of the Georgia Duck Cordage Mill, claimed that he received an injury arising out of and in the course of his employment. The injury occurred March 8, 1926. A claim for compensation was filed by him, and it was heard by the Industrial Commission November 23, 1926. On March 15, 1927, the following award was made by the commission: "A hearing was held in the above-stated case . . November 23, 1926. The claimant sustained an injury on the 8th day of March, 1926. This injury may have aggravated a preexisting tubercular condition. The claimant has not worked regularly since the injury. The time he lost from work, and whether such loss of time is due to the injury, is indefinite. The claimant and the employer have agreed upon a lump-sum settlement of all claims for any disability that may have resulted from the alleged injury. Said settlement is hereby approved. R. C. Norman, Commissioner." W. G. Whiten died October 29, 1931, the cause of his death being certified as "collapse of right lung, contributing causes, asthma and chronic bronchitis." An application for compensation was filed by his wife, Mrs. Ruby Mae Whiten, claiming that his death was caused by an injury sustained October 24, 1931, from lifting a bolt of cloth while in the employ of the Georgia Duck Cordage Mill. After a hearing before a single director of the Department of Industrial Relations this claim was disallowed, and on an appeal to the full board the finding of the director was sustained.

Mrs. Ruby Mae Whiten then filed a claim for the injury which had occurred March 8, 1926, on the ground of a change in condition. The finding of the full board on this application was, among other things, as follows: "The full board finds that the accident of March 8, 1926, the facts of which have already been adjudicated in an award made by Commissioner Norman on March 15, 1927, was the proximate cause of the death of W. G. Whiten." They further found: "Section 38 of the workmen's compensation act provides that if death result instantaneously from an accident arising out of and in the course of employment, or if during the period of the disability caused by an accident death results proximately therefrom, then compensation shall be payable for not exceeding 300 weeks from the date of the injury. 294 and 1/6 weeks elapsed between the date of the injury, March 8, 1926, and the death, October 29, 1931. There is a difference, therefore, of 5 and 5/6 weeks between 300 weeks from the date of the accident and the date of the death. . ." In addition to this award of payment for 5 and 5/6 weeks, an award for funeral expenses and doctor's bill in a named sum was made. An appeal from this award was taken by Mrs. Whiten to the superior court. The judge of the superior court, after a hearing, reversed the finding of the Department of Industrial Relations as to the number of weeks, and held as a matter of law that the claimant was entitled to compensation at the named rate for a period of 269 weeks, "to begin on the date of the last workmen's compensation payment made to W. G. Whiten, to wit, Oct. 11, 1926, and to continue for 269 weeks from that date." He affirmed the award for funeral expenses and doctor's bills.

The fact that an award has been made approving a settlement made as between the parties does not bar an application made for additional compensation afterwards, on the ground of a change in condition of the applicant, brought about because of the original injury. *U. S. Casualty Co.* v. *Smith,* 162 *Ga.* 130 (133 S. E. 851). The case here to be decided involves a construction of § 38 of the workmen's compensation act, embraced in § 114-413 of the Code of 1933, the material parts of which are as follows: "If death results instantly from an accident arising out of and in the course of the employment, or if during the period of disability caused by an accident death results proximately therefrom, the

compensation . . shall be as follows: (b) The employer shall pay the dependents of the deceased employee, wholly dependent on his earnings for support at the time of the injury, a weekly compensation equal to 85 per cent. of the compensation which is provided for in section 114-404 for total disability, for a period not exceeding 300 weeks from date of injury. . . (d) When weekly payments have been made to an injured employee before his death, the compensation to dependents shall begin on the date of the last of such payments, but shall not continue more than 300 weeks from the date of the injury nor except during dependency." It is unquestionably true that if the deceased had continued to collect disability payments from the employer up to the date of his death, the award made by the full board was correct as being the only proper award that could have been made, for the language of subsection (d) is plain and unequivocal that "payments . . shall not continue more than 300 weeks from the date of the injury." It will be noted that the statute (Code of 1933, § 114-404) provides that when total incapacity results from an injury, compensation shall be paid for a "period" of not greater than 350 weeks. The next section (Code of 1933, § 114-405) provides that when partial incapacity results from an injury, compensation shall be paid for a period not greater than 300 weeks from the date of the injury. The compensation awarded under the ensuing section (Code of 1933, § 114-406) is a certain amount for a definite period, and no reference is made to the time of the injury. Under the ruling made in *U. S. Casualty Co.* v. *Smith,* 34 *Ga. App.* 363 (129 S. E. 880); a claimant himself who sustains a temporary injury for which compensation has been made may later, under § 45 of the act, make claim because of a change in condition, and compensation be awarded to him, as in that case, for total disability not to exceed 350 weeks, giving credit for compensation already paid him. In this case it will be noted that no award made is based on any section which states that such award shall date "from the date of the injury." It is also true in the present case, if an award had been made to the claimant in his lifetime for a total disability, and he had died before compensation payments had terminated, an award to dependents for the remaining period of disability, to commence where payments to the employee left off, would be proper, not to exceed 300 weeks from the date of the in-

jury. The statute in respect to dependents is to cover a period within 300 weeks from the date of the injury. They may recover for instantaneous death of the employee, and under § 38, par. (d), when weekly payments have been made to the employee prior to his death, the compensation of dependents shall begin on the date of the last payment made to the employee, but shall not continue longer than 300 weeks from the date of the injury. Where the employee is injured and receives weekly compensation for such injury and afterwards recovers entirely, compensation ceases. "Partial incapacity terminates when the employee again becomes capable of earning the same wage he earned before his injury, whether at the same or at a different occupation and without regard to such personal inconveniences as may result to him solely from his injury." *Austin Bridge Co.* v. *Whitmire,* 31 *Ga. App.* 561 (121 S. E. 345). It may be possible that when such an employee again, because of change in condition, becomes totally disabled, he may recover for the full period allowed, less the payments that have already been paid, without respect to the date of the injury; for in such a case the compensation is to the employee for a definite period of time to cover the injury, without regard to its date. See *U. S. Cas. Co.* v. *Smith,* 46 *Ga. App.* 330 (167 S. E. 771). In cases of dependents the compensation paid is for a period "from date of injury." If the employee recovers it during that period, they may not. If the employee is not entitled to recover, by reason of recovery from injury, a change in his condition amounting to total disability still preserves his right to compensation for 350 weeks. When he lives 300 weeks after the injury the rights of his dependents, whether he has or has not been receiving compensation, are barred. Such a construction is not different, when the facts are considered, from the case cited by counsel for defendant in error. In the Comstock case, 129 Me. 467 (152 Atl. 618), it is said: "'When death results from injury after weekly compensatory payment to the employee, compensation to his dependents shall begin from the date of the last payment, if within 300 weeks of the day of the employee's injury, and thence continue to the expiration of such 300 week period.' The proof then must show, to establish compensable status for a dependent, not alone death of the employee from injury, but death within 300 weeks from the occurrence of injury." As was said by Jenkins, P. J., in *Atkinson* v. *Atkinson,* 47 *Ga. App.*

345 (170 S. E. 527), "This act [workmen's compensation act] embodies within itself a complete code of laws upon the subject." The employee may not make a voluntary settlement of his claim for compensation and bar rights of his dependents, when his death occurs by reason of the injury within 300 weeks from the occurrence thereof. This is true irrespective of his common-law right to sue for the tort. See *Southern Bell Telephone Co.* v. *Cassin,* 111 *Ga.* 575 (36 S. E. 881, 50 L. R. A. 694). From what has been said, we are of the opinion that the court erred in overruling the award made by the full board.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*