HARTFORD ACCIDENT AND INDEMNITY COMPANY *v.*
FIDELITY & CASUALTY COMPANY OF NEW YORK *et al.*

No. 11282.   NOVEMBER 12, 1936.   REHEARING DENIED DECEMBER 10, 1936.

*Mathews & Mathews,* for plaintiff.

*Harris, Harris, Russell & Weaver,* for defendant.

GILBERT, Justice.   This is an action by a compensation insurance carrier to enjoin the payment of the consideration of an agreed settlement to an injured employee by a third party tortfeasor.   It is sought to impound in court the fund arising from such settlement until a judgment for recovery of the fund for the injured employee can be had by the compensation carrier against which an award of compensation was made in favor of the employee.   Insolvency of the injured employee is alleged.   The court dismissed the suit on demurrer.   The plaintiff excepted.   The one question for adjudication is whether or not a compensation carrier claiming subrogation under the Code, § 114-403, may prevent the consummation of a settlement between an injured employee and a third person tort-feasor, by enjoining the payment of the agreed consideration for the settlement, and impound such fund in court pending the outcome of a suit by the compensation carrier against the employee and the tort-feasor, or either of them.

In order to determine the issue made in this case, this court must construe that part of the workmen's compensation law contained in the Code, § 114-403.   That section contains two separate provisions applicable to two different sets of facts.   The first sentence provides:   "When an employee receives an injury for which compensation is payable under this title [workmen's compensation], which injury was caused under circumstances creating a legal liability in some person other than the employer to pay dam-

ages in respect thereto, the employee or beneficiary may institute proceedings both against that person to recover damages and against the employer for compensation, but the amount of compensation to which he is entitled under this title [workmen's compensation] shall be reduced by the amount of damages recovered." The second sentence provides: "If the employee or beneficiary of the employee in such case recovers compensation under this title [workmen's compensation], the employer by whom the compensation was paid, or the party who was called upon to pay the compensation, shall be entitled to reimbursement from the person so liable to pay damages as aforesaid, and shall be subrogated to the right of the employee to recover from him to the extent of the compensation." The first sentence does not deal with subrogation, and voluntary settlements between the parties do not fall within its provisions. *American Mutual Liability Insurance Co.* v. *Wigley,* 179 *Ga.* 764, 765 (177 S. E. 568). It provides for suit by the injured employee *both* against the third party tortfeasor to recover *damages* and against the employer for compensation, and for a reduction of the compensation. The second sentence applies where the employee or his beneficiary has recovered compensation, in which case the employer who has paid, or the insurance carrier who was called upon to pay, compensation, shall be entitled to reimbursement from the tort-feasor liable to pay damages, "and shall be subrogated" as provided in the second sentence of § 114-403, quoted above. It will be noted that "compensation" is recovered under the workmen's compensation law, and that "damages" are recovered for torts against persons not coming under that law. The second sentence of § 114-403 *entitles* the party against whom compensation has been recovered, and who has paid compensation or is called upon to pay, to reimbursement from the person "so liable to pay damages as aforesaid." Where the legal liability of the tort-feasor has not been adjudicated in court proceedings, the General Assembly gave to the person liable to pay compensation the right of subrogation—the right to "be subrogated to the right of the employee *to recover* from him [the tort-feasor] to the extent of the compensation." (Italics ours.) Having the right of subrogation, a suit against the third party tort-feasor can be brought by the person who paid or is called upon to pay compensation.

In such a suit, properly brought, the legal liability of the tort-feasor may be judicially determined. It would be futile, however, unless the tort-feasor and the employee (by the demurrer admittedly insolvent) should be enjoined from making a complete voluntary settlement. This suit is in equity against both the tort-feasor and his liability insurer, the Fidelity and Casualty Company of New York, praying for injunction against payment by the defendants of the money that they have agreed to pay to the injured employee, and for general relief. The latter prayer is broad enough to permit a judgment on the question of legal liability of the tort-feasor. In *Travelers Ins. Co.* v. *Bumstead,* 182 *Ga.* 692 (186 S. E. 742), it was held that where the employee institutes a suit against the third person tort-feasor, the employer or insurance carrier can not intervene and claim an interest in the recovery, so as to prevent the employee from dismissing the action if he chooses to do so. Nevertheless the insurance carrier has a statutory right to have the amount of its payment reduced when the liability and recovery therefor has been judicially fixed. Clearly under the compensation law, a law based upon the broadest lines of equity and the dictates of humanity, both parties are protected respectively. Having an express legal right under the statute, the plaintiff can not be deprived of it by a construction which would in part destroy the purposes of the act. It appears that the employee is undertaking to defeat this right by making a voluntary settlement with the tort-feasor. The employee can not legally or in justice avail himself of the act in so far as it is beneficial to himself, and at the same time evade that portion which is not to his pecuniary interest. The allegations being admitted by the demurrer, the employee either failing or refusing to bring about an adjudication of the tort-feasor's liability, the insurance carrier for the employer may maintain his suit for that purpose.

In *Murphy* v. *Holman,* 179 *Ga.* 329 (176 S. E. 5), compensation was awarded against the employer for injury (death) resulting from the negligence of a third person. The person entitled to compensation did not sue the tort-feasor, but it was held by this court that the employer could sue in the name of such person to recover from the tort-feasor, being subrogated under the statute to recover the amount as damages which it had paid under the

compensation act for the injury and death of the employee. Under the foregoing principles, it would seem that the right of subrogation under the statute is one which should not be defeated or destroyed at the will of the employee. It is true that the insurance carrier in this case has no lien, but the tort-feasor is a nonresident of the State, and the insurance carrier has a statutory right of subrogation and is in a position as favorable at least as that of a holder of a homestead-waiver note against a bankrupt. In *Bell* v. *Dawson Grocery Co.*, 120 *Ga.* 628 (48 S. E. 150), it was held that in such case the creditor might sue in equity for the appointment of a receiver to take charge of the exemption and apply it to the waiver note where the bankrupt is insolvent, and on receiving the exemption would dispose of it and prevent its application to such indebtedness.

*Judgment reversed. All the Justices concur, except Russell, C. J., who dissents.*