### 25633. STRICKLAND *v.* METROPOLITAN CASUALTY INSURANCE COMPANY.

DECIDED DECEMBER 4, 1936. REHEARING DENIED DECEMBER 18, 1936.

*Norman I. Miller,* for plaintiff.

*Bryan, Middlebrooks & Carter, John A. Dunaway,* for defendants.

MACINTYRE, J. Henry Strickland, the claimant, was injured on March 9, 1928, while in the employment of the Exposition Cotton Mills. The injuries sustained were to his head. An agreement was entered into between him and the employer for the pay-

ment of compensation for temporary total disability, whereby a certain sum was to be paid to the claimant weekly during such disability, which agreement was approved by the Industrial Commission. The claimant returned to work on March 26, 1928, and on June 25, 1928, he filed a final "settlement receipt." On August 22, 1934, he filed a request with the Industrial Commission for a hearing on the ground of a change in condition. The hearing was had, and evidence submitted. The director denied compensation on the ground that the claimant's disability was only *partial,* and that since more than 300 weeks had elapsed *since the date of the injury* to claimant, under the workmen's compensation act, sec. 31 (Code, § 114-405), which provides that "in no case shall the period covered by such compensation be greater than 300 weeks from the date of the injury," the right to compensation had ceased. Exceptions were taken to this award. We think the award was correct. In *Columbia Casualty Co.* v. *Whiten,* 51 *Ga. App.* 42 (179 S. E. 630), this court had occasion to construe the meaning of the phrase "from the date of the injury," as contained in the workmen's compensation act, sec. 38 (Code, § 114-413), with regard to payment of benefits to dependents of deceased employee. It was there said: "Three hundred weeks *from the date of the injury* is the limited period in which dependents may recover under the workmen's compensation law of this State." Section 114-405, prescribing payments for partial disability, applicable to the present case, contains a provision similar to that of § 114-413, construed in the *Whiten* case, supra, to wit, that "in no case shall the period covered by such compensation be greater than *300 weeks from the date of the injury.*" Therefore 300 weeks from the date of the injury is the limited period in which a claimant may recover under the workmen's compensation law of this State for partial disability; and it being admitted that more than 300 weeks had elapsed between the date of the injury and the date when the request for another hearing was filed with the Industrial Commission, the evidence demanded a finding that the right to compensation had ceased.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*