### 29165. WALKER v. EMPLOYERS LIABILITY ASSURANCE CORPORATION et al.

DECIDED SEPTEMBER 16, 1941. REHEARING DENIED NOVEMBER 19, 1941.

*Edgar Watkins, Allan Watkins,* for plaintiffs in error.
*Powell, Goldstein, Frazer & Murphy,* contra.

FELTON, J. On May 31, 1937, Charles N. Walker, an employee of Charles N. Walker Roofing Company, was injured in an automobile accident. On June 27, 1937, an award was made in his favor by the Industrial Board against his employer and its insurance carrier. Walker sued C. B. Howard in the superior court of DeKalb County to recover damages for personal injuries to Walker allegedly due to the negligence of Howard. The insurance carrier was not a party to the suit and did not intervene therein. Walker and the insurance carrier failed to make a joint settlement with Howard and they agreed that each should make his and its own settlement. Walker received net $675 from Howard and the insurance carrier received $100 and the case against Howard was dismissed. The insurance carrier continued its payments to Walker, as provided in the award until it had paid all but $675, and applied to the Industrial Board for a hearing on the question whether it was entitled to have the total compensation reduced by the amount of net damage received, $675. The Industrial Board granted the petition of the insurance carrier and terminated the remaining award. The appeal of Walker to the superior court was denied and he excepted to that judgment.

The act of 1922 (Ga. L. 1922, pp. 185, 187), providing for subrogation (section 2(d) of the workmen's compensation law), was as follows: "When an employee coming under provisions of this act receives an injury for which compensation is payable under this act and which injury was caused under circumstances creating a legal liability in some person other than the employer to pay damages in respect thereto, the employee, or beneficiary, may take

proceedings both against that person to recover damages and against the employer for compensation, but the amount of compensation to which he is entitled under this act shall be reduced by the amount of damages recovered. If the employee, or beneficiary of the employee, in such case recovers compensation under this act, the employer by whom compensation was paid, or the party who was called upon to pay the compensation, shall be entitled to indemnity from the person so liable to pay damages as aforesaid, and shall be subrogated to the rights of the employee to recover therefrom, to the extent of the compensation."

In *American Mutual Liability Insurance Co.* v. *Wigley*, 179 *Ga.* 764 (177 S. E. 568), the Supreme Court held that under the act of 1922 the amount of compensation was not reducible by the amount paid by a third person in a voluntary settlement after a suit was filed where liability was disclaimed in the settlement. This ruling gave a definite and distinct meaning to the word "recovered" in the clause "but the amount of compensation to which he is entitled under this act shall be reduced by the amount of damages recovered." This meaning clearly precluded the idea of a voluntary settlement, and confined the meaning to a recovery by a court action by which a legal liability was judicially established. After the above decision was rendered the legislature amended the act by substituting a new section for section 2(d), which is as follows: "When an employee receives an injury for which compensation is payable under this Title, which injury was caused under circumstances whereby payment is made by some person other than the employer to pay damages in respect thereto, the employee or beneficiary may institute proceedings both against that person to recover damages and against the employer for compensation, but the amount of compensation to which he is entitled under this Title shall be reduced by the amount of net damages recovered. If the employee or beneficiary of the employee in such case recovers compensation under this Title, the employer by whom compensation was paid, or the party who was called upon to pay the compensation shall be entitled to reimbursement from the person so paying damages as aforesaid, and shall be subrogated to the right of the employee to recover from him to the extent of the compensation." Ga. L. 1937, p. 528, supra; Code, § 114-403.

The question for decision here is what the General Assembly in-

tended in passing this amendment. A consideration of what the evil was which it intended to remedy, and what it did in the effort to remedy the evil, will demonstrate the solution to the query. The evil under the original law was that the amount of compensation due was not reducible by the amount paid an employee by a third party in a *voluntary settlement*. Instead of remedying the situation by providing that a legal liability was *not* necessary before the amount paid as compensation could be reduced by the amount paid by a third party, the General Assembly accentuated the necessity for the establishment of a legal liability and prescribed the manner and method of its establishment. The legislature is conclusively presumed to have intended to pass a constitutional act. Suppose for the sake of argument that the amendment in question had been held to be constitutional. In the event of a voluntary settlement it was clearly the intention of the legislature that a suit should be brought, despite the payment, to establish the liability and the amount thereof. Suppose the voluntary settlement in a given case was $500, and the amount of compensation paid was $1000; that the carrier sued the third party tort-feasor who had made the voluntary settlement, to recover whatever it could up to the amount of compensation paid, and recovered a judgment for $1000. Which amount did the legislature intend should be computed in reducing the amount of compensation due? In the premises it is clear that the amount of the recovery in the suit authorized is the amount to be considered, and not the amount of the voluntary settlement. In these circumstances it is clear that the intention of the lawmakers was to give to the word "recovered" the same meaning fixed upon it by the Supreme Court in the *Wigley* case, supra, although in other settings and under different circumstances it could be held to have a different meaning. It seems inescapable that the legislature intended that the compensation should be reduced *only* by the amount *recovered* judicially in the action sought to be authorized by the amendment. In *Lloyd-Adams Inc.* v. *Liberty Mutual Ins. Co.*, 190 Ga. 633 (10 S. E. 2d, 46), it was held that the provision authorizing a suit against one on a cause of action which had been extinguished by payment is unconstitutional. It therefore follows that if the legal liability can not be established as provided there can be no deduction from the amount due as compensation.

The contention that the amendment should be interpreted after eliminating the part held to be unconstitutional is without merit. The legislature passed the whole amendment, not just what is left after the decision in the *Lloyd-Adams* case. Obviously its intention is to be ascertained by what it did, not by what the Supreme Court did. The court erred in denying the appeal from the Industrial Board.

*Judgment reversed. Stephens, P. J., concurs. Sutton, J., concurs in the judgment.*