29164. BITUMINOUS CASUALTY CORPORATION *et al. v.* LOCKETT *et al.*

830

DECIDED SEPTEMBER 22, 1941.

*T. Elton Drake, Edward B. Lovell, Herman Talmadge*, for plaintiffs in error.

*C. N. Davie, C. D. Stewart*, contra.

SUTTON, J. Herbert A. Lockett, an employee of United Motor Freight Terminal, sustained, on July 30, 1938, an injury arising out of and in the course of his employment. On September 19, 1938, he was paid the sum of $51.30 as temporary total disability compensation, beginning one week after his injury and until he resumed his regular work on that date. On October 10, 1938, a final settlement was executed by him on a form prescribed by the Industrial Board, and this was filed with the board on October 13, 1938. Lockett continued to work until December 29, 1940, and died on that date. On January 18, 1941, the present claim for compensation was filed by his dependents, Mrs. Herbert A. Lockett, his widow, and Ronald Lockett, their minor child, who contended that under the Code, § 114-413, they were entitled to receive compensation for a period of 300 weeks from the date of the employee's injury less the number of weeks for which he had been paid compensation. The employer contended that the dependents had no greater right than the deceased, and that by the Code, § 114-709, as amended by the act of 1937 (Ga. L. 1937, pp. 528, 534), the claim was barred inasmuch as it had not been made within two years after the employee's final settlement receipt was filed with the Industrial Board. No further evidence than that shown above was taken before the single director, who, after the presentation of

the above stated facts on a hearing on February 23, 1941, rendered an award on March 18, 1941, holding that the claim was barred by the statute of limitations. An appeal was taken to the superior court which rendered judgment reversing the award of the single director and ordered the claim recommitted to the Industrial Board for further hearing.

The employer and insurance carrier excepted, and it is contended that the court erred in holding that the claim was not barred, and that a ruling of the court in its order, following *Columbia Casualty Co. v. Whiten*, 51 *Ga. App.* 42 (179 S. E. 630), that "The employee may not make a voluntary settlement of his claim for compensation and bar rights of his dependents, when his death occurs by reason of the injury within 300 weeks from the occurrence thereof," was equivalent to finding as a fact, without any evidence to support it, that the death of the employee occurred as a result of the injury which he sustained on July 30, 1938, whereas, it is urged, the dependents were not entitled to compensation under the Code, § 114-413, unless it was shown that the death of the employee resulted instantly from his injury or resulted proximately therefrom during the period of his disability, and that such fact was not shown.

The judgment of the superior court did not purport to hold that the employee's death occurred instantly at the time of his injury, or during a period of disability, but merely determined that the claim was not barred as a matter of law, and recommitted it for a hearing on its merits.

We think the judgment was proper for reasons now to be shown. The Code, § 114-709, upon which the plaintiffs in error rely as a bar to the claim, after its amendment by the act of 1937, supra, provided, before amendment, as follows: "Upon their own motion before judicial determination or upon the application of any party in interest on the ground of a change in condition, the Department of Industrial Relations [now the Industrial Board] may at any time review any award or any settlement made between the parties and filed with the department and, on such review, may make an award ending, diminishing or increasing the compensation previously awarded or agreed upon, subject to the maximum or minimum provided in this Title, and shall immediately send to the parties a copy of the award. No such review shall affect such award

as regards any moneys paid." By the act of 1937, supra, this section was amended by striking the words "at any time" and substituting therefor the words "within two years from the date that the Department of Industrial Relations [now the Industrial Board] is notified of the final payment of claim." Under the section as thus amended a claim of an employee, made after a final settlement filed since the passage of the act of 1937 (see *Maryland Casualty Co.* v. *Posey,* 58 *Ga. App.* 723, 725 (3), 199 S. E. 543) and based on a change in condition, must be made within two years from the time the board is notified of the final settlement.

The compensation provided for in the Code, § 114-413, is payable only to dependents of an employee, and only during dependency, and that section reads in part as follows: "If death results instantly from an accident arising out of and in the course of the employment, or if during the period of disability caused by an accident death results proximately therefrom, the compensation . . shall be as follows: . . (b) The employer shall pay the dependents of the deceased employee, wholly dependent on his earnings for support at the time of the injury, a weekly compensation equal to 85 per cent. of the compensation which is provided for in section 114-404 for total disability, for a period not exceeding 300 weeks from date of injury. . . (d) When weekly payments have been made to an injured employee before his death, the compensation to dependents shall begin on the date of the last of such payments, but shall not continue more than 300 weeks from the date of the injury nor except during dependency." (A succeeding sentence was stricken by the act of 1939 (Ga. L. 1939, p. 234.) The provisions of this section are not affected by the act of 1937, supra, which requires that a claim by an employee, based on a change in condition, must now be brought within two years from the date the Industrial Board is notified of a final settlement. That act, while plainly amending certain specified sections of the Code, did not seek to change the provisions of Code, § 114-413, in any respect. Neither in the caption nor in the body of the act is it referred to. So it does not follow, as contended by the plaintiffs in error, that, by reason of the fact that an employee, in a claim based on a change in condition, must file the claim within two years after notice to the Industrial Board of a final settlement previously had, his dependents, in a claim under Code, § 114-413, are governed by the same rule.

What is the period of limitation applicable? In *Columbia Casualty Co.* v. *Whiten,* supra, this court had occasion to construe Code, § 114-413, and in the opinion it was said: "They [the dependents] may recover for instantaneous death of the employee, and under § 38, par. (d), when weekly payments have been made to the employee prior to his death, the compensation of dependents shall begin on the date of the last payment made to the employee, but shall not continue longer than 300 weeks from the date of the injury. . . In cases of dependents the compensation paid is for a period 'from date of injury.' If the employee recovers it during that period, they may not. . . When he lives 300 weeks after the injury the rights of his dependents, whether he has or has not been receiving compensation, are barred. . . The employee may not make a voluntary settlement of his claim for compensation and bar rights of his dependents, when his death occurs by reason of the injury within 300 weeks from the occurrence thereof. This is true irrespective of his common-law right to sue for the tort." It was ruled in headnote 1-b: "Three hundred weeks *from the date of the injury* is the limited period in which dependents may recover under the workmen's compensation law of this State." It was thus established by this decision that a claim by dependents under Code, § 114-413, must be brought within 300 weeks *from the date of the injury.* See *Strickland* v. *Metropolitan Casualty Insurance Co.,* 54 *Ga. App.* 866 (189 S. E. 424). It was further established that "The employee may not make a voluntary settlement of his claim for compensation and bar rights of his dependents, when his death occurs by reason of the injury within 300 weeks from the occurrence thereof."

No decision was made by the single director or the superior court as to whether or not such facts existed as would entitle the dependents to compensation if their claim was not filed too late, and no such question is before this court. The superior court, however, finding that the claim was not barred as a matter of law, properly recommitted the case to the Industrial Board in order that evidence might be submitted to and be considered by the board on the question of the right of the dependents to recover. In the consideration of such a question the following principles of law will be applicable on the next hearing of the case: In view of the fact that the employee had not received compensation for 300 weeks from

the date of his injury, and that he had not lived 300 weeks after the date of his injury, and because the employee may not make a voluntary settlement of his claim for compensation and bar the rights of his dependents when his death occurs by reason of the injury within 300 weeks from the occurrence thereof (*Columbia Casualty Co.* v. *Whiten,* supra), the right of his dependents to recover in the present case will depend upon whether or not the evidence to be adduced shall show that the employee's death on December 29, 1940, which did occur within the 300 weeks period after the injury which he sustained on July 30, 1938, resulted proximately from his injury and during a period of disability, as provided in Code, § 114-413. The employee returned to work on or about September 19, 1938. Whether or not his death occurred during a period of disability resulting from his injury on July 30, 1938, if not from a separate and distinct cause wholly disconnected from his injury at that time, turns on the meaning of the word "disability" within the purview of the compensation act. Disability is, of course, incapacity or a lack of capacity, and in *Austin Bros. Bridge Co.* v. *Whitmire,* 31 *Ga. App.* 560 (*2-a*) (121 S. E. 345), it was held: "The 'capacity' with which the law is concerned in such cases [where under the compensation act compensation may be increased, diminished, or suspended altogether under given conditions] is 'earning capacity.'" It was also ruled in that case: "Except as specifically provided in section 32 of the act [Code, § 114-406, providing compensation for loss of specified members of the body, etc.], such partial incapacity terminates when the employee again becomes capable of earning the same wage he earned before his injury, whether at the same or at a different occupation, and without regard to such personal inconveniences as may result to him solely from his injury and which are not caused or aggravated by his new employment." See also *General Assurance Cor.* v. *McDaniel,* 44 *Ga. App.* 40 (160 S. E. 554). Total incapacity or partial incapacity would terminate when the employee resumes the same kind of work at which he had previously been engaged at the time of his injury and at a wage equal to or greater than that he was receiving when injured. The plaintiffs in error properly contend that, if at the time of his death the employee was doing his accustomed work and earning his usual wage, he was not at all disabled or incapacitated within the meaning of the stat-

ute, and that his death could not be said to have occurred during a period of disability. As to such questions of fact, however, the single director made no finding, but a proper investigation will, of course, be made on the next hearing before the Industrial Board, in order to determine whether or not the dependents of the employee are entitled to compensation under the provisions of Code, § 114-413.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*