30337, 30338.   MARYLAND CASUALTY COMPANY *et al. v.*
PITMAN, and *vice versa.*

DECIDED FEBRUARY 4, 1944.   REHEARING DENIED FEBRUARY 22, 1944.

*Brandon, Matthews, Long & Nall,* for plaintiffs in error.
*Noah J. Stone,* contra.

FELTON, J.   This case arises on an exception to the judgment of the superior court affirming an award of compensation to an injured employee.   The only question for decision is whether a party called on to pay compensation is entitled to credit for an amount received by the employee in the settlement of an action for damages instituted by him against a third party tort-feasor in another state. The employer and the insurance carrier concede that if the case falls under the Code, § 114-403, it also falls under the rule laid down in *Walker* v. *Employers Liability Assurance Corp.,* 66 *Ga. App.* 198 (17 S. E. 2d, 306).   They contend that the case is controlled by section 114-411, which provides: "Accidents outside of the State.   Where an accident happens while the employee is employed elsewhere than in this State, which would entitle him or his dependents to compensation if it had happened in this State, the employee or his dependents shall be entitled to compensation, if the contract of employment was made in this State, and if the employer's place of business is in this State or if the residence of the employee is in this State; Provided, his contract of employment was not expressly for service exclusively outside of the State: Provided, however, that if an employee shall receive compensation or damages under the laws of any other State, nothing herein contained shall be construed so as to permit a total compensation for the same injury greater than is provided for in this Title."   It is contended that the word "damages" in the last proviso refers to damages

recovered in an action for damages against a third party tort-feasor and damages *received* from such a third party as compensation for an injury, whether resulting from a mere claim, an action, or a judgment. We do not agree with this contention. Our view is that section 114-403, as originally enacted, was intended to cover all cases of subrogation, for the reason that it would not seem reasonable that as to accidents within the State, adjudication of a legal liability was intended to be a prerequisite to subrogation (*American Mutual Liability Ins. Co.* v. *Wigley,* 179 *Ga.* 764, 177 S. E. 568), while as to those occurring outside the State, the mere receipt of damages outside the State by the employee would be sufficient. The word "damages" as used in section 114-411 is synonymous with "compensation," and the meaning of the proviso is that if under the *workmen's compensation laws* of another State, an employee receives compensation as the result of an award, for an injury for which the Georgia compensation law may also award compensation, the Georgia Board of Workmen's Compensation must deduct the amount awarded in such other State from the maximum amount found to be due under the laws of Georgia. The Code, § 114-403, and the ruling made in *Walker* v. *Employers Liability Corp.,* supra, control this case; and it was not error to affirm the award, which did not allow the credit received by the employee in the settlement of his action for damages outside the State of Georgia.

Judgment affirmed on the main bill. Cross-bill dismissed. *Sutton, P. J.,* and *Parker, J.,* concur.