31818. MARYLAND CASUALTY COMPANY *et al. v.* STEPHENS.

724

DECIDED JANUARY 14, 1948. ADHERED TO ON REHEARING MARCH 30, 1948.

*T. Elton Drake,* for plaintiffs in error.
*Moise, Post & Gardner,* contra.

MacINTYRE, P. J. ■ The evidence disclosed in part: On Saturday, June 1, 1946, Fred T. Stephens, the claimant, was employed by Southeastern Stages Inc. as a mechanic. He lived out from Loganville, Georgia, and rode the bus of his employer to and from Atlanta, where he worked in the shops. On the date of the accident the claimant had finished his work in Atlanta sometime around noon. It was Saturday, and he had worked a half day. Later on in the afternoon he caught a bus of Southeastern Stages, to go to his home near Loganville. He was riding a second bus following some distance behind the one in front which was also a bus of his employer. The front bus became mechanically disabled, and when the second bus came upon it, it was about 5:30 p. m.

The claimant Stephens got off the bus on which he was riding and attempted to make repairs to the broken-down bus. In so doing he had crawled under the front part and was lying with his legs protruding toward the road. A large van of Associated Transport Inc. drove up and parked opposite the crippled bus, leaving a narrow passageway between the two vehicles. While in this position an automobile driven by one Billy. Blackstone attempted to pass between the two parked vehicles, and ran over and injured the left leg of Stephens to such an extent that it had to be amputated. The single director awarded compensation, and upon appeal the full board affirmed his claim.

In June 1946, a claim was filed with the State Board of Workmen's Compensation by Fred Stephens. Thereafter Stephens filed a suit against Billy Blackstone and Associated Transport Inc. for damages for personal injuries, the injuries being the same as those upon which this compensation claim is based. He alleged that his injuries were received as a result of the negligence of the said defendants.

On December 10, 1946, a covenant was made not to sue one of the defendants, Associated Transport Inc., and the petition was dismissed on the same date. The award of the director was dated April 17, 1947.

Under the evidence above enumerated, together with the other evidence, the finding of the single director and the full board on appeal that the injury was compensable under the Workmen's Compensation Act was authorized, and the insurance carrier, the plaintiff in error, does not, in its briefs, argue to the contrary. The Superior Court of DeKalb County affirmed the award of the full board.

■ Under the provisions of Code § 114-403, prior to the act of 1937 (Ga. L. 1937, pp. 528, 530), amending it, the insurance carrier could, under the circumstances therein stated, be subrogated to the rights of the employee and receive credit. As stated in *American Mutual Liability Ins. Co.* v. *Wigley,* 179 *Ga.* 764 (177 S. E. 568), "Where an injury occurs to an employee and the employer is required to compensate the employee, and at the same time a third person has injured the employee as a tort-feasor, if the injured employee establishes a legal liability against the third person who is a tort-feasor, the compensation awarded under the provisions of the Workmen's Compensation Act shall be reduced by a contribution from the recovery against the tort-feasor upon the legal liability for the wrong inflicted by him. From this it is plain that voluntary settlements between one who may have been injured by the negligence of another, and such other, are not within the scope of this section of the amendment to the original Workmen's Compensation Act. It appears . . that it was expressly agreed in the settlement that the defendant did not admit legal liability. A reasonable inference which can be drawn from this language might be that the alleged tort-feasor, while denying any liability, was willing to make settlement and buy his peace rather than to be subjected to the trouble and expense of a lawsuit." See, in this connection, Code, § 20-909, dealing with covenants not to sue.

The amount of compensation under Code § 114-403 was not reducible by the amount paid by a third party tort-feasor in a voluntary settlement after suit was filed, where the liability was disclaimed in the settlement. Such section precluded the idea

of voluntary settlement and intended that the compensation should be reduced only by the amount recovered judicially in a legal action. *Walker* v. *Employers Liability Assurance Corp.*, 66 *Ga. App.* 198 (17 S. E. 2d, 306); *Lumbermen's Mutual Casualty Co.* v. *Babb*, 67 *Ga. App.* 161 (19 S. E. 2d, 550); *Maryland Casualty Co.* v. *Pitman*, 70 *Ga. App.* 670 (29 S. E. 2d, 102).

But the act of 1922 (Ga. L. 1922, pp. 185, 186), and Code § 114-403 were amended and materially changed by the act of 1937 (Ga. L. 1937, pp. 528, 530, Code, Ann. Supp., § 114-403).

The only statute in this State, under the title of workmen's compensation, attempting to confer authority to maintain a suit where the plaintiff in error, the insurance carrier, seeks to recover for a tort committed upon the employee (not seeking to recover for injury committed upon it or for a breach of contractual relations to it) is Code § 114-403, as amended by the act of 1937 (Ga. L. 1937, pp. 528, 530).

In *Lloyd Adams Inc.* v. *Liberty Mutual Ins. Co.*, 190 *Ga.* 633, 641 (10 S. E. 2d, 46), in referring to Code § 114-403, as amended by the act of 1937 (Ga. L. 1937, pp. 528, 530), it is said: "The portion of the first sentence of Code § 114-403, declaring that an injured employee may maintain a suit against a tort-feasor after having accepted payment from him for the damages sustained is unconstitutional and void; and that the second sentence of the section is entirely null and void."

Thus the valid part of Code § 114-403, in view of *Lloyd Adams Inc.* v. *Liberty Mutual Ins. Co.*, supra, would read as follows: "Damages and compensation both recoverable; subrogation.— When an employee receives an injury for which compensation is payable under this Title, which injury was caused under circumstances whereby payment is made by some person other than the employer to pay damages in respect thereto, the employee or beneficiary may institute proceedings . . against . . the employer for compensation."

Thus, under the Workmen's Compensation Act, there is no legal subrogation of the insurance carrier for the claimant, the injured employee, for there is no express provision for it in the Workmen's Compensation Act, nor is subrogation implied from any provision in said act as amended.

Code § 114-111 provides: "No contract or agreement, written,

oral, or implied, nor any rule, regulation or other device, shall in any ·manner operate to relieve any employer in whole or in part from any obligation created by this Title, except as herein otherwise expressly provided."

In *City of Hapeville* v. *Preston,* 67 *Ga. App.* 350 (2) (20 S. E. 2d, 202), it is said: "The Department of Industrial Relations is not a court authorized to render judgments on contracts. It merely determines the amount of compensation and time of payment in accordance with the provisions of the act."

In *Tillman* v. *Moody,* 181 *Ga.* 530, 531 (182 S. E. 906), it is said: "The Workmen's Compensation Act created rights of action which were unknown to the common law. *Bussey* v. *Bishop,* 169 *Ga.* 251 (3) (150 S. E. 78, 67 A. L. R. 287). Liabilities which did not exist at common law were imposed upon employers; and employees were afforded remedies for injuries sustained by accidents arising out of and in the course of their employment, where none had existed before. The rights and liabilities of employers and employees are governed by the Workmen's Compensation Act. The ordinary rules of law do not apply to actions arising under that statute, but the act itself constitutes a complete code of laws upon the subject. Ordinarily persons sui juris may adjust their differences upon such terms as they may be able to mutually agree upon. The policy of the law is to encourage such compromises, to the end that litigation may be avoided. This freedom of contract, however, does not exist with reference to claims for compensation arising under the Workmen's Compensation Act, since the right of employers and employees to adjust their differences is limited and restricted by the terms of the statute. The statute provides: 'Nothing herein contained shall be construed so as to prevent settlements made by and between the employee and employer, but rather to encourage them, so long as the amount of compensation and the time and manner of payment are in accordance with the provisions of this title. A copy of such settlement agreement shall be filed by the employer with the Department of Industrial Relations, and no such settlement shall be binding until approved by the Department.' Code of 1933, § 114-106. This provision of the statute, in unmistakable terms, imposes two conditions which are essential to a valid settlement between employer and employee: First, that

the time and manner of payment must be in accordance with the provisions of the Workmen's Compensation Act; and second, that the agreement must be approved by the Department of Industrial Relations." Code, §§ 114-106, 114-705, 114-709.

In the present state of the record, if Stephens had purported to settle his workmen's-compensation claim with Maryland Casualty Company, the insurance carrier, by establishing a conventional subrogation resulting from an agreement dealing with the obligation to pay workmen's compensation, which was not provided for in the Workmen's Compensation Act, it would not have been binding if that agreement was not approved by the State Board of Workmen's Compensation.

The carrier of insurance for the employer, insuring the compensation awarded the employee under the provisions of the Workmen's Compensation Act, stands in the shoes of such employer so long as such insurance carrier is dealing with the compensation provided for under the provisions of such act and is controlled by the provisions thereof. The Workmen's Compensation Act constitutes a complete code upon the subject of actions arising under such statute. *Tillman* v. *Moody,* supra. Under such act no agreement between the insurance carrier and the claimant, dealing with the obligation of such carrier to pay the claimant employee compensation provided for thereunder which affects the amount of compensation, is binding until approved by the State Board of Workmen's Compensation. See Code, § 114-111.

In the present state of the record the State Board was authorized to find: that a suit was filed by the employee against a third party, an alleged tort-feasor, for injuries which were the same as those upon which compensation was claimed; that the agreement between the insurance carrier and the employee to pay the employee compensation, made before any payment by the alleged third party tort-feasor, was dependent upon the recovery of judgment against the tort-feasor; that the alleged tort-feasor denied liability but was willing to make settlement and buy his peace rather than be subjected to the trouble and expense of the suit; that such settlement was voluntary; that no amount was recovered judicially in this legal action; that there was no agreement approved by the board relieving in whole or in part, be-

cause of the voluntary settlement by the tort-feasor to buy his peace, the obligation of the insurance carrier to pay compensation to the employee; and that the compensation awarded the employee after such settlement by the tort-feasor was not reducible by the amount paid under such voluntary settlement. Therefore, under the facts in this case, there were two reasons, which the board was authorized to find, either of which was sufficient to support the determination of award—first, the terms of the agreement between the insurance carrier and the employee were not fulfilled by the recovery of a judgment; and second, the board had not approved an agreement relieving in whole or in part the obligation of the insurance carrier because of a voluntary settlement by the tort-feasor. The judge of the superior court did not err in affirming the award of the State Board of Workmen's Compensation, which held that the compensation of the employee was not reducible by the amount paid under the voluntary settlement by the third party tort-feasor. See authorities cited supra.

In view of the record in this case, the request of the defendant in error, made under the authority of Code (Ann.) § 114-712, that this court award attorney's fees against the insurance carrier upon the ground that this action is defended and continued without reasonable grounds is denied. See, in this connection, *Dunn* v. *American Mutual Liability Ins. Co.*, 64 *Ga. App.* 509 (13 S. E. 2d, 902).

*Judgment affirmed. Gardner and Townsend, JJ., concur.*