## 32397. BITUMINOUS CASUALTY CORPORATION
## *et al. v.* JOHNSON.

DECIDED APRIL 13, 1949.

*T. Elton Drake,* for plaintiffs in error.
*Clayton Jones Jr.,* contra.

FELTON, J. The question presented is one of first impression in Georgia. Does the one-year limitation provided by Code § 114-305 apply to a partial dependent secondarily entitled to remaining compensation as in this case? We think that it does not so apply. The law does not state what kind of claim is contemplated. We think that it means a claim by one who in good faith contends that he is entitled to the immediate and unconditional award of compensation. Such a claim gives to the employer and insurance carrier a right to be heard on the principal questions of injury or death from accident arising out of and in the course of employment and of the right of the claimant to receive it. The one-year limitation would necessarily apply to a partial dependent where he would be entitled to compensation

in the first instance unconditionally. The last sentence of Code § 114-414 specifically provides that a partial dependent is entitled to a balance of unpaid compensation in the event the one primarily entitled may no longer receive compensation. This provision is a contingent and not a vested right. No obligation or right to show that one would be entitled to a contingent right arises until the happening of the contingency. If partial dependents are required to file their claims within one year where they have only a contingent interest, one of two results follows. The board will have to file the claims in a suspended file and await the happening of the contingency to determine whether the claimant is entitled to the balance of the compensation as partial dependents; or it will have to immediately hear and determine such questions, not knowing whether the contingency will ever arise. It would seem to be more in accord with common sense and public policy, in the avoidance of the filing of useless claims and needless litigation and the saving of time and expense, to interpret the one-year provision as not applying to a contingent claim. The filing of a claim by a primary claimant and an award of compensation make a pending case as to matters with respect to which the law provides for a change in the amounts paid or change in parties to whom the compensation is payable.

The court did not err in reversing the board's finding and in remanding the case.

*Judgment affirmed.* *Sutton, C. J., and Parker, J., concur.*