34464. GREAT AMERICAN INDEMNITY COMPANY
*et al.* v. USRY.

DECIDED MARCH 19, 1953.

*Forester & Calhoun*, for plaintiffs in error.
*Fort & Fort*, contra.

SUTTON, C. J. J. C. Usry, employed as a truck driver by Rose City Foods Inc., of Thomasville, Georgia, was killed instantly in an automobile accident, which arose out of and in the course of his employment, on April 3, 1950. J. L. B. Usry,

father of the deceased employee, filed a claim for compensation with the Workmen's Compensation Board on July 10, 1951, reciting in the claim that the reason for not filing it within the one-year period was due to fraud and concealment on the part of Rose City Foods and its insurance carrier. A motion to dismiss the claim was made on the ground that it was not filed within the time provided by law and was barred by the statute. A hearing was had before a director of the board, and an award granting compensation to the claimant was rendered on November 29, 1951, but no finding as to fraud or concealment on the part of the employer or insurance carrier was made. On appeal, the award of the single director was affirmed by the full board, and the action of the full board was affirmed by the superior court. The exception here is to that judgment.

■ (a) The Workmen's Compensation Act provides that the right to compensation shall be forever barred unless a claim is filed with the board within one year after the accident to the injured employee, and, if death results from the accident, then the claim must be filed within one year thereafter. Code, § 114-305.

Code § 114-413 provides, among other things, that, "If death results instantly from an accident arising out of and in the course of the employment, or if during the period of disability caused by an accident death results proximately therefrom, the compensation under this title shall be as follows." Subparagraph (b) of this Code section specifies the compensation to be paid dependents of the deceased who are wholly dependent on his earnings for support at the time of his injury; and subparagraph (c) specifies the compensation to be paid dependents of the deceased who are only partially dependent on his earnings for support. The compensation to be paid to either class of such dependents is to be for a period not exceeding 300 weeks from the date of the injury; and subparagraph (d) provides that, "When weekly payments have been made to an injured employee before his death, the compensation to dependents shall begin on the date of the last of such payments, but shall not continue more than 300 weeks from the date of the injury nor except during dependency."

(b) According to the record, the claimant and his wife were

partial dependents of the deceased employee, and, if entitled to compensation, they would be so entitled in the first instance as their son, the deceased employee, was killed instantly in the accident, and no compensation had been paid to anyone. The one-year limitation for filing a claim as provided by Code § 114-305 applies to a partial dependent where he would be entitled to compensation in the first instance, as in this case, but it does not apply to a dependent secondarily entitled to remaining compensation. *Bituminous Casualty Corp.* v. *Johnson*, 79 *Ga. App.* 105 (53 S. E. 2d, 119).

The motion to dismiss the claim for compensation in the present case, on the ground that it was not filed within the one-year period and was barred by the statute, was denied by the director of the Workmen's Compensation Board, and he based his action on the case of *Bituminous Casualty Corp.* v. *Lockett*, 65 *Ga. App.* 829 (16 S. E. 2d, 614). In that case, the employee was injured on July 30, 1938, and he was paid a stated amount as temporary total-disability compensation on September 19, 1938, and, on October 10, 1938, he executed a final settlement, which was filed with the board on October 13, 1938. He continued to work with his employer until his death on December 29, 1940. His dependents filed a claim for compensation on January 18, 1941, contending that they were entitled under Code § 114-413 to receive compensation for a period of 300 weeks from the date of the deceased employee's injury, less the number of weeks for which he had been paid compensation. The employer contended that the claim of the dependents was barred under the provisions of Code § 114-709, as it was not filed within two years after the employee's final-settlement receipt was filed with the compensation board. Code § 114-709, as amended by the act of 1937 (Ga. L. 1937, pp. 528, 534; Code, Ann. Supp., § 114-709), provides for the review of an award or settlement by the Workmen's Compensation Board within two years from the time the board is notified of the final payment of the claim; and it was held in the *Lockett* case, supra, that the claim in that case was not barred by the terms of § 114-709, but that it was to be determined and passed on under the provisions of Code § 114-413. Compensation payments had been made to the injured employee in that case before his death,

and it was there held that the claim by his dependents for compensation for 300 weeks from the date of his injury, less the number of weeks for which he had been paid, was not barred. That case is distinguishable from the present one and is not controlling on the question here presented. There the dependents, if entitled at all, were secondarily entitled to remaining compensation, and the one-year limitation of Code § 114-305 did not apply; whereas in the present case the dependents, if entitled at all, would have been entitled to compensation in the first instance, and consequently their claim, not being filed within the one-year period, was barred by the terms of Code § 114-305.

The superior court erred in affirming the award of the Board of Workmen's Compensation and in overruling the appeal therefrom.

*Judgment reversed. Felton and Worrill, JJ., concur.*