### 41273. GORDY v. CALLAWAY MILLS COMPANY.

Argued April 5, 1965—Decided May 26, 1965—
Rehearing denied June 10, 1965.

*Thurman C. Duncan, A. W. Birdsong, Jr.,* for plaintiff in error.
*B. J. Mayer, George E. Sims, Jr.,* contra.

FELTON, Chief Judge. The one-year statutory limitation of
*Code* § 114-305 applies to original claims, whether filed by the
employee or, if he had not filed a claim at the time of his death,
by his dependents, who would be entitled to compensation in the
first instance. *Bituminous Cas. Corp. v. Johnson,* 79 Ga. App.
105 (53 SE2d 119) ; *Great American &c. Co. v. Usry,* 87 Ga. App.
821 (75 SE2d 270). The holding in *Bituminous Cas. Corp. v.
Lockett,* 65 Ga. App. 829 (2) (16 SE2d 214), that "[a] claim
for compensation to dependents of an injured employee, filed
after his death and as provided for in the Code, § 114-413, must
be brought within 300 [now 400] weeks *from the date of injury*
of the employee," is not contrary to what is above said, because,
as was pointed out in *Great American &c. Co. v. Usry,* pp. 823-4,
supra, the *Lockett* case is distinguishable by the fact that, in
that case, compensation payments had been made to the injured
employee before his death and the dependents, if entitled at all,
were secondarily entitled to remaining compensation, in which
case the one-year limitation of *Code* § 114-305 did not apply.
In the present case the 400-week limitation is not involved since
there was no claim filed by the employee; therefore the widow's
claim was an *original* claim, governed by the one-year limitation
of *Code* § 114-305.

The agreement for the payment of compensation, bearing the date of the employee's death, did not amount to a claim for death benefits within the meaning of *Code* § 114-305, whether it was filed prior to or subsequently to his death, since it was for the stated and limited purpose of compensation for the injured employee's temporary disability.

The widow's claim of September 27, 1962, although filed within the one-year limitation, was effectively invalidated by its voluntary withdrawal by the claimant. If a claim filed is withdrawn by the party filing it before a hearing is had, it is as though no claim had been filed, and the board would be without jurisdiction to entertain a second claim filed after the expiration of the statutory limitation of *Code* § 114-305. *Maryland Cas. Co. v. Gill,* 46 Ga. App. 746 (169 SE 245); *Ogden v. Clark Thread Co.,* 93 Ga. App. 227 (91 SE2d 191); *Jones v. American Mut. Liab. Ins. Co.,* 48 Ga. App. 351, 353 (5) (172 SE 600). Nor was the time within which the claim could have been filed extended by the provisions of *Code* § 3-808, relating to dismissal and renewal of a case within six months so that the renewed case stands upon the same footing as to limitation with the original case, which provisions are not applicable to claims arising under the Workmen's Compensation Act. *Southern Cotton Oil Co. v. McLain,* 49 Ga. App. 177, 183 (174 SE 726), and cit.; *Hicks v. Standard Acc. Ins. Co.,* 52 Ga. App. 828, 830 (184 SE 808), and cit. See also: *Tillman v. Moody,* 181 Ga. 530, 531 (1) (182 SE 906); *Maryland Cas. Co. v. Stephens,* 76 Ga. App. 723 (1) (47 SE2d 108). The case of *Sherrill v. U. S. Fidelity &c. Co.,* 108 Ga. App. 591 (133 SE2d 896), is not authority to the contrary. Although the applicability of *Code* § 3-808 to workmen's compensation claims was there assumed arguendo, the question was not reached, since the case was decided on another basis.

Since there was for the board's consideration no valid, existing claim for compensation on account of the decedent's death within one year of the death, the claimant's recovery of whatever benefits, if any, to which she might have been entitled under the Act, was barred by the statutory limitation of *Code* § 114-305.

Accordingly, the court did not err in its judgment reversing the award of the board.

*Judgment affirmed. Jordan and Russell, JJ., concur.*