# CASES

## DECIDED IN THE

# SUPREME COURT OF GEORGIA

### AT THE

## OCTOBER TERM, 1924

---

## ATHENS RAILWAY & ELECTRIC COMPANY *v.* KINNEY.

1. The widow of an employee killed in the line of his duties can maintain a suit for his homicide against a party other than the employer, where the death resulted from the negligence of such third party, and where the employer and such third party were not joint tort-feasors, although she has been awarded and has accepted compensation from her husband's employer under the provisions of the workmen's compensation act of 1920, less than the value of the husband's life, where she offers to account for the compensation awarded and received, and prays that a part of the recovery, equal in amount to the compensation which she has been awarded under the workmen's compensation act, be for the use of the party paying the award.

2. Having held that there is nothing in the workmen's compensation act of 1920 to prevent the plaintiff from maintaining suit for the homicide of her husband, it is unnecessary to decide whether or not that right of action is enlarged by the amendment of 1922. The amendment does not have the effect of preventing a recovery against a tort-feasor other than the employer, of a greater amount than that fixed in the settlement and award which she has had under the provisions of the workmen's compensation act.

3. The amendment of 1922, referred to above, is not void upon the ground that it is in violation of article 3, section 7, paragraph 8, of the constitution of Georgia (Civil Code, § 6437), which provides that "No law or ordinance shall pass which refers to more than one subject-matter, or contains matter different from what is expressed in the title thereof."

1

4. Under the facts alleged in the petition the question as to the negligence of the defendant and its liability to the plaintiff therefor was for determination by the jury, and the court properly overruled the demurrer based upon the ground that the petition did not set forth a cause of action.

No. 4423. FEBRUARY 28, 1925.

Damages. Before Judge Fortson. Clarke superior court. April 17, 1924.

Mrs. Rosa M. Kinney filed suit against the Athens Railway and Electric Company, in which she alleged, that her husband, an employee of the James White Cotton Mills, while in the performance of his duties, touched a heavily charged wire which produced his death; that the defendant supplied the electricity that caused his death; that it was negligent in certain respects alleged; and that she had settled for the death of her husband, under the provisions of the Georgia workmen's compensation act, by which she was receiving $12.50 per week, and this was to continue for 300 weeks. Pending the trial the plaintiff amended her petition by a substitution, in which she alleged that her damages were $3,750 to be paid under the award, and $30,000 besides; that the Maryland Casualty Company was paying the award, and .she was entitled to recover $33,750 of the defendant, $3,750 of which was to be for the use of the Maryland Casualty Company. It is further alleged: For several years the defendant company furnished to the cotton mill electricity for the purpose of supplying power to operate the machinery, but had ceased to furnish electricity for this purpose at the time plaintiff's husband was killed, but at that time and for some time prior thereto was furnishing, for a consideration, electricity to supply the lights for the mill. Located about 35 yards from the cotton mill was the transformer station of the defendant, consisting of a small sheet-iron building about 8 by 12 feet in size and about 8 by 9 feet high, on the inside of which building were transformers. During the time defendant furnished electricity to supply power to operate the machinery and until a short time before plaintiff's husband was killed, there was situated in this sheet-iron building two large transformers, and on one side in the building, in a corner, was located a small transformer. In February, 1923, the defendant removed the two large transformers from the place where they were located in the building, and when plaintiff's husband was killed the defendant had already removed from the building one

of these large transformers, and at the time he was killed several of the employees of the defendant were at work at one of the doors of the building in an effort to get the other large transformer out of the building. These transformers were installed for the pur-pose of reducing the current of electricity to the amount of cur-rent which the defendant was to supply the cotton mill. The wire which carried electricity for the purpose of furnishing the cotton mill building with lights went into the sheet-iron building on one side, across the top of the building to the opposite side, and down to the small transformer from the ceiling. On February 14, 1923, late in the afternoon, plaintiff's husband, discovering that there were no lights in the cotton-mill building, went with one Hill, the night-watchman of the building, to find out why the lights were not on, and to cause them to come on, if he could, in compliance with his duty as an employee of the mill. When he and Hill entered the sheet-iron building he discovered that the fuse-plugs were out; and thinking this was the reason why the lights were not on, he inserted, with a pair of wooden pliers, fuses in the proper places overhead, that made the connection between the outside wires and the small transformer. Defendant knew that it was the duty and custom of deceased to make adjustments in the transformer house when lights failed to come on, and de-fendant furnished plaintiff's husband with wooden pliers and fuses for this purpose. The lights did not come on after the fuses were inserted, and plaintiff's husband thought that the reason they did not was that the ground wire was broken. This ground wire ran down by the transformer in the northwest corner of the building. Plaintiff's husband bent over and reached down near the transformer, felt of the ground wire, and found that it was not broken. As he straightened up, his hand touched a loose wire hanging from the ceiling or light transformer, which carried 11,000 volts of electricity; and by reason of his hand touching this loose wire he was killed.

Some time during the day that he was killed, Hughes, the superintendent of construction of the defendant, or some other officer, agent, servant, or employee of defendant, when in the building and at work for defendant, aiding in the removal of the transformers from the building, took out the fuse-plugs and cut and disconnected or broke the wires running to the small trans-

former. In everything done by plaintiff's husband in undertaking to have the lights come on in the mill building, he was in the performance of his duty as an employee of the James White Cotton Mills, and he never at any time knew that said wire, the contact with which killed him, had been cut or disconnected or was hanging down loose in the sheet-iron building. He was killed without any fault or negligence or want of care or diligence on his part, but by reason of the negligence of the defendant, its agents, officers, servants, and employees, who were negligent in cutting or breaking and disconnecting the wires going to the small transformer; in not notifying plaintiff's husband that the wires had been disconnected and were hanging down loose and carrying a dangerous current of electricity; and in allowing a deadly current of electricity to be in the wire after the wire had been cut and disconnected or broken and while hanging down in the building.

The defendant demurred to the petition upon several grounds, and objected to the amendment offered. The court overruled the demurrer, and the defendant excepted.

*Erwin, Erwin & Nix, John J. Strickland,* and *R. A. Brown,* for plaintiff in error.

*Lamar C. Rucker, James W. Arnold, Joel & Elliott, Horace & Frank Holden,* and *Green & Michael,* contra.

ATKINSON, J. 1. One ground of the demurrer urges that it appears from the petition that plaintiff has been settled with by the employer of her husband, under the terms of which settlement she is to receive $12.50 a week for 300 weeks; that the receipt required by the act of 1920, given by petitioner, relieved the employer from all further liability, and was a complete settlement as to the right of the plaintiff to recover for the death of her husband; that this settlement, alleged to have been made in pursuance of the act of 1920 (entitled "Georgia Workmen's Compensation Act") became conclusive as to plaintiff, under section 12 of the act. That section reads as follows: "The rights and remedies herein granted to an employee, where he and his employer have accepted the provisions of this act respectively, to pay and accept compensation on account of personal injury or death by accident, shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents, or next of kin, at common law or otherwise, on account of such

injury, loss of service or death." The provision in this section of the act, that the rights and remedies granted to an employee "shall exclude all other rights and remedies of such employee, . . at common law or otherwise," uses language that is very broad and which on its face would seem to exclude the right of plaintiff in this case, after accepting the award under the provisions of the act of 1920, to maintain a suit based upon the negligent and tortious killing of her husband, even though the negligence which resulted in the husband's death was negligence upon the part of a tort-feasor other than the employer of the decedent. But upon a consideration of the language last quoted in connection with the entire act, and with regard to the purposes of the act, we have reached the conclusion that that provision, while it excludes "all other rights and remedies of such employee, his personal representative," etc., and while the expression, "all other rights," is general and unqualified by the immediate context, it is applicable only to such rights or remedies as the plaintiff would have had against the employer of her husband independently of the law embraced in the workmen's compensation act and the provisions of that law. But we can find no reason in that law for holding that as to a third party, who was a tort-feasor and whose negligence resulted in the death of the husband of the plaintiff, she should be deprived of her right under the law allowing her, under the circumstances set forth in this case, to sue for and recover the full value of her husband's life. One of the purposes of the act, as shown by the caption is, "to establish rates of compensation for personal injuries or death sustained by employees in the course of employment." If under the act a widow suing under its provisions were given the right to recover as compensation the full value of the life of the deceased husband, we should hold, of course, that the recovery of that compensation excluded all right to recover further compensation against any person. But the workmen's compensation act does not make provision for the recovery of the full value of a life destroyed by negligence or otherwise. In one respect this act is intended for the protection of employers as well as for the benefit of employees. It puts a limit upon the amount that may be recovered for injuries to or death of one of its employees, that may be far less than the actual value of the life destroyed. And, of course, the act is also for the benefit of employees who may be injured in the course of their employment; because it

authorizes recovery under the terms of the act where, under our statutes prior to this act and under the common law, there could have been no recovery for injury to or death of the employee. But there is no reason for holding that if another corporation or person other than the employer is guilty of negligence which results in injury or death, such corporation or person should have the benefit of the act which establishes the rate of compensation for injury to an employee as against an employer, where the employer and employee have accepted the provisions of the workmen's compensation act.

We are aware of the fact that courts of certain other States have taken a different view of this question, but still others have announced the doctrine which we have laid down above, in language which seems to support the views we have expressed. What is said by the courts to which we have referred, in the divergent opinions, is not in all the cases referred to applicable to the particular question which we have in hand here under our own law, as the laws of the States in which the opinions were rendered are not entirely similar to our law upon the subject of compensation to be paid by employers to employees for injuries. As illustrative of the difference in views, we refer to cases collected in 27 American Law Reports, 479, as annotations to the case of O'Brien *v.* C. C. Ry. Co., 305 Ill. 244 (137 N. E. 214), and especially to the case which is there annotated. In the case of *Atlantic Ice & Coal Cor.* v. *Wishard,* 30 *Ga. App.* 730 (119 S. E. 429), a case decided by the Georgia Court of Appeals, it was said: "The right of a beneficiary of a deceased employee to compensation under the Georgia workmen's compensation act and the right of such beneficiary to recover against another for a tortious homicide of the employee being secured to the beneficiary by independent statutes, and a payment by one not being a payment of the obligation of the other, and the latter having no equity which would authorize him to be subrogated to the rights of the beneficiary in any part of the fund collected, and these rights not being conflicting or necessarily inconsistent, they were, in the absence of any statutory provision to the contrary in the workmen's compensation act or elsewhere, prior to the amendment of this act approved August 16, 1922 (Ga. L. 1922, p. 185, § 2 d), both available to the beneficiary; and furthermore, the employer and the one responsible for

the homicide not being joint tort-feasors, a settlement with the beneficiary of the latter's claim for damages for the homicide does not inure to the benefit of the employer, and in a suit by the beneficiary against the employer, to which the insurer of the employer is a party, can not be pleaded by either the employer or insurer in bar of compensation. See, in this connection, City of Austin v. Johnson (Tex. Civ. App.), 204 S. W. 1181; Ohio Traction Co. v. Washington (1916), 6 Ohio App. 273." In so far as the decision of the Court of Appeals last referred to upholds the right to maintain a suit against a party other than the employer, where such third party and the employer are not joint tort-feasors, we concur in the views expressed.

2-4. The rulings made in headnotes 2, 3, and 4 require no elaboration.　　　*Judgment affirmed.　All the Justices concur.*