## 22233. McCONNELL *v.* HAMES *et al.*

308

*Eldon Haldane,* for plaintiff.

*Bryan, Middlebrooks & Carter,* for defendants.

Luke, J. The sole question presented by this record is whether or not the trial judge erred in dismissing the petition on demurrer.

Omitting some of its formal allegations, the petition of Harry B. McConnell substantially alleges:

"1. Defendants herein are Dr. Fred Hames . . , Dr. R. H. McClung . . , and American Mutual Liability Insurance Company of Boston. . .

"2. Defendants have injured and damaged petitioner in the sum of $50,000. . .

"3. Both defendant physicians are properly licensed practicing physicians in Fulton County, Ga.

"4. In August, 1929, petitioner was in the employ of Southern Dairies Company, . . operating subject to the provisions of the workmen's compensation act of Georgia. . .

"5. Said employer, Southern Dairies Company, carried regular workmen's compensation insurance with the American Mutual Liability Insurance Company of Boston, the third defendant herein; and at all times mentioned the premiums were paid and said insurance was in full force. . .

"6. On or about August 31, 1929, petitioner, while traveling along Hill street in the City of Atlanta, on and about his employer's business, riding a motorcycle, was struck by a motor-car driven by one O. R. Barnett, and thrown to the pavement, . . and sustained severe injuries, bruises, and wounds, including a compound fracture of his left leg about eight inches above the ankle.

"7. Petitioner was immediately removed to a private hospital and defendant insurance company notified of said accident and injury.

"8. Defendant insurance company dispatched, to attend and care for petitioner in compliance with their contract, the two defendant physicians. . .

"9. On the same date (August 31, 1929), defendant physicians

examined petitioner superficially, and pretended to dress certain lacerations, including certain lacerations on his leg. Petitioner complained of the fracture to his left leg, and requested defendant physicians to set it. . .

"10. Notwithstanding petitioner's pleas and cries for attention, he was left writhing in pain from August 31, to September 5, 1929, without medical care of said leg, until defendant physician Hames finally set the bone on September 5, 1929, six days after petitioner's injury.

"11. Petitioner charges negligent malpractice in that defendant physicians did fail and refuse to set the fractured bone . . until the expiration of an unreasonable length of time . . ; that defendant physicians knew said bone was fractured and needed immediate setting; that they were wilfully negligent and inattentive to petitioner, in violation of their implied duty to exercise ordinary care and skill toward petitioner in fulfilment of their contract."

12. Said defendant physicians virtually abandoned petitioner. from August 31, 1929, to September 5, 1929, "in flagrant breach of their duty towards petitioner."

13. Defendant physicians were negligent as hereinbefore set out. "Defendant insurance company was negligent in furnishing improper, unskilled, and negligent medical attention to petitioner . . ; in violating their contract by furnishing slothful, indolent, and lazy physicians to attend a critically injured patient; in failing and refusing to send out properly skilled and diligent physicians to attend petitioner in compliance with defendant insurance company's contract."

14. (Here is set out a notice to produce certain records of defendant insurance company.)

"15. Petitioner could not prevent his pain and suffering, and was not guilty of contributory negligence in any way. . .

"16. As a result of defendants' joint and concurrent negligence, petitioner's leg bone is now crooked and weak and has to be supported by a brace." Defendant physicians' delay in setting petitioner's leg "caused the fracture to be further aggravated, and the injury to petitioner's leg to be made worse than it originally was, or would have been; and the pain to be greater and of longer duration, and more intense."

"17. Since the injury and malpractice by defendants as alleged

herein," petitioner has been in constant pain, and his nerves are wrecked.

"18.  The deformed condition of petitioner's leg and the pain and suffering of petitioner were directly and proximately caused by the joint negligence of defendants as alleged herein."

19.  At the time of his injury petitioner was a strong, able-bodied man thirty years of age, with a life expectancy of 34.34 years, and an earning capacity of $21 per week.  His earning capacity is destroyed; his deformity is permanent; and he will always suffer intense pain.

20.  Defendant physicians never withdrew from petitioner's case, and no other doctors attended him, and "at all times during petitioner's hospital visitation, defendant physicians pretended to have his case under their care.  By reason of this and other aggravating circumstances petitioner asks punitive damages."

"Wherefore petitioner prays judgment against all defendants herein jointly in the full sum sued for. . ."

The two defendant physicians, doctors Hames and McClung, filed the following demurrer to the petition:

"1.  The petition sets forth no cause of action against these defendants, or either of them.

"The petition shows that the medical and surgical service rendered by the defendants to plaintiff were rendered  .  .  under the provisions of the Georgia workmen's compensation act on behalf and at the instance of American Mutual Liability Insurance Company, which company had issued to the plaintiff's employer, Southern Dairies Inc., a certain policy of compensation insurance.  The petition shows also that the said medical and surgical services were furnished to the plaintiff because of injuries sustained by the plaintiff  .  .  out of and in the course of plaintiff's said employment, and that, therefore, any consequences of any malpractice of the defendants in rendering said medical and surgical service were, under the terms of the Georgia workmen's compensation act, deemed a part of the injuries resulting from the said accident and shall be compensated for as such."  The part of the compensation act particularly invoked by counsel for defendants in error is found in Ga. L. 1920, p. 167, sec. 27, and is as follows:  "The employer shall not be liable in damages for malpractice by a physician or surgeon furnished by him pursuant to the provisions of this sec-

tion, but the consequences of any such malpractice shall be deemed part of the injury resulting from the accident and shall be compensated for as such."

The question for decision is whether or not the court erred in rendering the following judgment upon the demurrer: "This demurrer coming on to be heard, it is hereby sustained on the second ground thereof, and plaintiff's petition is hereby dismissed."

It does not appear from the record here that there was any demurrer to the petition for misjoinder of parties defendant or causes of action, or that any defendant was stricken from the case. All the parties were operating under the compensation act, and the defendant physicians were treating petitioner by virtue of that act. Petitioner's injury and pain were alleged to have arisen out of the negligence of the physicians and the negligence of the insurance carrier in furnishing petitioner with incompetent physicians. The prayer was for a "judgment against all defendants herein jointly in the full sum sued for." There is, therefore, a wide difference between the case at bar and that of *Athens Railway & Electric Co.* v. *Kinney*, 160 *Ga.* 1 (127 S. E. 290), the decision mainly relied upon by plaintiff in error. In the latter case it was held that "The widow of an employee killed in the line of his duties can maintain a suit for his homicide against a party other than the employer, where the death resulted from the negligence of such third party, and where the employer and such third party were not joint tortfeasors, although she has been awarded and has accepted compensation from her husband's employer under the provisions of the workmen's compensation act of 1920, less than the value of the husband's life, where she offers to account for the compensation awarded and received, and prays that a part of the recovery, equal in amount to the compensation which she has been awarded under the workmen's compensation act, be for the use of the party paying the award."

We hold that under the facts of this case it was proper for the trial judge to sustain the demurrer and dismiss the petition.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*