## LLOYD ADAMS INC. *v.* LIBERTY MUTUAL INSURANCE COMPANY.

No. 13297. JULY 12, 1940.

*Elliott Goldstein* and *Powell, Goldstein, Frazer & Murphy,* for plaintiff in error.

*Bryan, Middlebrooks & Carter,* contra.

DUCKWORTH, Justice. ■ Service on the non-resident defendant corporation was perfected by serving the Secretary of State as provided by the non-resident motorist act of 1937 (Ga. L. 1937, p. 732). The first section of that act provides that a non-resident by operating a motor vehicle on the highways of this State shall be deemed to have appointed the Secretary of State of Georgia to be his lawful attorney in fact upon whom may be served all summons or other legal processes in any action against such user, growing out of any accident in which the non-resident user may be involved,

and that such operation "shall be a signification of his agreement that any such process against him shall be of the same legal force and validity as if served upon him personally." Section 2 provides the method of perfecting service. Section 3 is as follows: "All courts in the counties of this State now having jurisdiction of tort actions and criminal actions shall have jurisdiction of all such non-resident users in actions arising under this act." The Court of Appeals, in *Lowe* v. *Roberts, 59 Ga. App.* 890 (2 S. E. 2d, 748), construed this act to mean that a suit against a non-resident arising under the act may be filed in any county of the State. The plaintiff in error suggests that the act may be interpreted as meaning that suit must be brought in the county where the tort was committed, or as meaning that it must be brought in the county of the official residence of the Secretary of State. There is nothing in the act which suggests that the suit should be brought in the county where the tort originated. Were it the policy of our law to require tort actions to be brought in the county where the tort was committed, there would be strong reason for assuming that no exception to the general rule was intended to be made by this act. On the contrary, our constitution provides that tort actions shall be brought in the county of the residence of the defendant. Code, § 2-4306. It is clear that the act is not subject to the second suggested interpretation. A non-resident does not by the mere appointment of an agent to accept service for him acquire a fixed residence in the county of such agent. *Export Insurance Co.* v. *Womack,* 165 *Ga.* 815 (142 S. E. 851). The provision for the appointment of an attorney in fact relates to service, and not to venue. Section 3 is the only portion of the act relating to the fixing of the venue of actions arising under the act. It is there declared that all courts in the counties of this State having jurisdiction of tort actions and criminal actions shall have jurisdiction of all such non-resident users. This, we think, is subject to no other interpretation than that the plaintiff may bring suit under the act in a proper court of any county in the State. Proceeding under this construction of the statute, the plaintiff filed the instant action in the superior court of Fulton County against a non-resident corporation, for a tort which was alleged to have been committed in Berrien County.

In its demurrer the defendant attacked the provision of the

statute allowing suit to be brought thereunder in either of the 159 counties of the State, on the ground that it violates the equal-protection clause of the 14th amendment of the constitution of the United States, in that the act permits foreign corporations to be sued in any county of the State, "whereas domestic corporations are suable only in counties in which is located the principal office or place of business of the domestic corporation or in the county in which the cause of action in tort originated." "It of course rests with the State to prescribe the venue of actions brought in her courts. But the exercise of this power, as of all others, must be in keeping with the limitations which the Constitution of the United States places on State action. Procedural statutes are not excepted, but must fall like others when in conflict with those limitations." Power Mfg. Co. v. Saunders, 274 U. S. 490, 495 (14 Sup. Ct. 678, 74 L. ed. 1165). It was also stated in that case that the equal-protection clause "does not prevent a State from adjusting its legislation to differences in situation or forbid classification in that connection; but it does require that the classification be not arbitrary but based on a real and substantial difference having a reasonable relation to the subject of the particular legislation." Is the situation of non-residents such as to authorize the State to fix the venue of suits against them in a manner different from that in suits against residents? The constitution of Georgia requires that all tort actions shall be tried in the county where the defendant resides. Code, § 2-4306. This applies to corporations as well as to natural persons. *Central Bank of Georgia* v. *Gibson*, 11 *Ga.* 453 (2); *Southwestern R. Co.* v. *Paulk*, 24 *Ga.* 356; *Northern Contracting Co.* v. *Maddux*, 144 *Ga.* 686 (87 S. E. 892). However, the subject of domicile and residence of persons, both natural and artificial, is left to be determined by the General Assembly. *Gilbert* v. *Ga. R. &c. Co.*, 104 *Ga.* 412, 416 (30 S. E. 673); *Davis* v. *Central R. Co.*, 17 *Ga.* 323, 333. The defendant states in the demurrer that resident corporations may be sued in the county where the tort originated. Apparently this statement is based upon the Code, § 22-1102. However, that section has been construed to mean that an action against a resident corporation for damages arising ex delicto may be brought in the county where the cause of action originated, *only if such corporation has an agent or place of business in such county. Tuggle* v. *Enter-*

*prise Lumber Co.,* 123 *Ga.* 480 (51 S. E. 433). The theory upon which that and similar statutes. have been declared constitutional is that the legislature thereby fixed the residence of the corporation in the county where suit was authorized. See *Martin & Thompson Inc.* v. *Allen,* 188 *Ga.* 42 (2 S. E. 2d, 668), and cit. If a resident corporation can be sued in a county of this State in which originated a cause of action in tort against it, it is because the legislature has declared that corporation to be a resident of that county. The act under attack provides for bringing suits against persons who have no residence in this State. Since the venue of tort actions against residents is based upon the residence of the defendant, it is apparent that the venue of actions against non-residents could not be determined on the same basis. The situation of the non-resident being distinctly different from that of the resident, it was proper for the General Assembly to classify them separately for the purpose of determining venue. The cases of Power Mfg. Co. v. Saunders, supra, and Henry Fisher Packing Co. v. Mattox, 262 Ky. 318 (90 S. W. 2d, 70), relied on by the plaintiff in error, are distinguished on their facts, in that the situation of the non-resident in each case was such that there was no reason why the venue of suits against it could not have been placed on the same basis as the venue of suits against residents.

It is also urged that it is a violation of the equal-protection clause to allow the non-resident to be sued in any county of the State at the election of the plaintiff. There is no merit in this contention. At common law a transitory action such as an action in tort may be brought in any county which the plaintiff elects. 27 R. C. L. 778, § 2. As we have seen, this rule has been changed in this State with reference to suits against residents. It has been stated that such a provision is a personal privilege conferred upon persons having a permanent residence in the State, and that the denial of a like privilege to non-residents does not violate the equal-protection clause of the 14th amendment. Jefferson County Savings Bank v. Carland, 195 Ala. 279 (71 So. 126). The law conferring this privilege is not adaptable to the situation of a non-resident. He must necessarily be placed in a different class, and no reason appears why he can be said to have been denied equal protection of the law by subjecting him to suit in the same manner as he might have been at common law.

■ One ground of demurrer attacked the non-resident motorist act on the ground that it refers to more than one subject-matter, contrary to article 3, section 7, paragraph 8, of the constitution (Code, § 2-1808), which declares that "no law or ordinance shall pass which refers to more than one subject-matter." There is no merit in the contention that this act is lacking in the unity of purpose required by this provision of the constitution, because it provides both a method of serving a non-resident and the venue of suits brought thereunder. See *Central of Georgia Railway Co.* v. *State,* 104 *Ga.* 831 (31 S. E. 531, 42 L. R. A. 518) ; *Williamson* v. *Housing Authority of Augusta,* 186 *Ga.* 673 (3) (199 S. E. 43), and cit.

■ The defendant in error as compensation-insurance carrier for the employer of John Henry Johnson became liable under the workmen's compensation act to pay, and did pay, $659 to Johnson as the result of injury alleged to have been caused by the negligence of the plaintiff in error. The defendant in error filed suit against the plaintiff in error, the alleged third party tort-feasor, to recover the amount of compensation paid. The defendant in error does not seek a recovery for any injury to it, or for a breach of any contractual obligation to it, but for an alleged tort committed upon the employee. It is at once apparent that the suit can be maintained only if authorized by statute. The only statute in this State attempting to confer authority to maintain the suit is Code § 114-403. By amendment (Ga. L. 1937, pp. 528, 530) this section was changed materially. Before amendment the section required as a basis for recovery on account of such a tort, either by the employee or the compensation insurance carrier as his subrogee, that legal liability on the part of the tort-feasor be shown. The 1937 amendment struck from the section all requirements of the existence of liability, and enacted as a substitute the requirement that payment on account of the injury be made to the employee by the tort-feasor. As the law now stands, the single and sole requisite for suit by the employee against the tort-feasor, or by the compensation carrier as the subrogee of the employee, is that payment for the injury be made by the tort-feasor. The demurrer attacked the statute on the ground that it offends the due-process guarantees of the State and the United States constitutions. Code, §§ 2-103, 1-815. Also on the ground that it fails

to state a cause of action under the law, even if it is valid. By failing to allege that the plaintiff in error had paid the employee damages, the petition failed to state a cause of action under the statute, and should have been dismissed on demurrer. However, since this is an amendable defect, and if met by appropriate amendment the constitutional question would at once be before the court, we will now rule on the constitutional question. See *Owen* v. *S. P. Richards Paper Co.,* 188 *Ga.* 258, 261 (2) (3 S. E. 2d, 660). As seen above, authority to file suit, if found at all, must be found in that portion of the statute subrogating the defendant in error to the rights of the employee against the tort-feasor. Though admittedly the provisions of the amended section inevitably lead to a legal absurdity, this court has no choice but to take such an unambiguous law as it stands.; and if it is absurd, so rule. The statute provides that if the employee is paid by the tort-feasor for his injury, he can then sue the same party for the same injury. Then follows the clause subrogating the employer, or party paying workmen's compensation, to this right of the employee. What is his right? If he has accepted payment for his damages, he has extinguished all right to again collect for the same injury. Code, § 105-2001; *Donaldson* v. *Carmichael,* 102 *Ga.* 40 (2) (29 S. E. 135) ; *Griffin Hosiery Mills* v. *United Hosiery Mills,* 31 *Ga. App.* 450 (120 S. E. 789) ; *Allen* v. *Landers,* 39 *Ga. App.* 264 (146 S. E. 794) ; *Edmondson* v. *Hancock,* 40 *Ga. App.* 587 (151 S. E. 114). The portion of the amended statute providing that the employee may sue the tort-feasor after having received payment of damages from the tort-feasor is a clear violation of the due-process clauses of the State and Federal constitutions. See, in this connection, Jensen v. Union Pacific Railway Co., 6 Utah, 253 (21 Pac. 994, 4 L. R. A. 724) ; Manley v. Georgia, 279 U. S. 1 (49 Sup. Ct. 215, 73 L. ed. 575) ; Western & Atlantic Railroad v. Henderson, 279 U. S. 639 (49 Sup. Ct. 445, 73 L. ed. 884) ; Crowell v. Benson, 285 U. S. 22 (52 Sup. Ct. 285, 76 L. ed. 598). Yet, under the plain provisions of the law, payment by the tort-feasor to the injured employee is a prerequisite to the right of subrogation which the defendant in error claims in this case. The statute declares that the party paying compensation to the injured employee "shall be subrogated to the right of the employee to recover from him [the third party tort-feasor who has paid damages] to

the extent of the compensation." By this provision the subrogee gets no better right than the injured employee has. Payment having extinguished all right of the employee to sue, it also extinguished all right in the party paying compensation and rendered the subrogation provision nugatory. Nothing plus nothing equals nothing.

To allow any recovery on the basis stated by the statute would deprive the defendant of property without due process of law, would authorize a recovery without liability, and would compel payment without fault. It follows that the portion of the first sentence of Code § 114-403, declaring that an injured employee may maintain a suit against a tort-feasor after having accepted payment from him for the damages sustained is unconstitutional and void; and that the second sentence of the section is entirely null and void. But it is insisted that under the subrogation clause, the defendant in error having paid compensation, it is subrogated to the rights of the injured employee to recover full damages for the injury by proof of liability of the tort-feasor, independently of the provisions of this statute. This contention is decided adversely to the defendant in error for the reasons hereinbefore stated. The court erred in overruling the demurrer to the petition. *Judgment reversed. All the Justices concur.*