29096. THOMAS *v.* TOWN OF SAVANNAH BEACH.

DECIDED NOVEMBER 19, 1941.

*David S. Atkinson,* for plaintiff.

*Edward A. Dutton,* for defendant.

STEPHENS, P. J.   Mrs. Harley L. Thomas, for herself and minor children, applied to the Industrial Board for compensation from the Town of Savannah Beach on account of the death of her husband who, it was alleged, was killed in the course of and arising out of his employment as a truck driver for the Town of Savannah Beach as a result of a collision between the truck while being operated on a public highway and a bus of Savannah Beach Bus Line. It appeared from the evidence that the plaintiff's husband was killed March 15, 1936; that the plaintiff, in a tort action at law against the bus company, had obtained a judgment for $5000 for the homicide of her husband; that on February 12, 1937, while this case was pending in the Court of Appeals of Georgia on writ of error to review that judgment, a settlement of the judgment was made between the parties in the sum of $3500, by which the plaintiff received net the sum of $2400, the balance having been applied towards attorney's fees and expenses of the litigation.   Afterwards, on March 12, 1937, the plaintiff filed her claim for compensation, which came on for a hearing before Director Tucker on July 30, 1937.   On September 22, 1937, after considering the evidence, the director awarded to the claimant compensation at a weekly rate which aggregated the total sum of $2943, and allowed the Town of Savannah Beach, the employer, to set off against this amount the sum of $3500, the latter representing the gross sum which the plaintiff, in the suit against the bus company as the tort-feasor, had received in the settlement of the judgment for $5000 which she had obtained against the bus company, and adjudged that the plaintiff was not entitled to receive any compensation.   This award was approved by the full board, with Commissioner Stanley dissenting. On appeal by the claimant to the superior court the award of the full board was affirmed.   To this judgment Mrs. Thomas excepted.

There are two questions presented: was the settlement of the judgment for $5000, which the plaintiff had obtained against the bus company for the homicide of her husband, of $3500, out of which she received $2400 net, such a legal liability or payment as would constitute the basis of a set-off by the employer against the amount of compensation to which the plaintiff was entitled? If so, was the employer entitled to set off the gross amount of the settlement, $3500, or only the net amount received by the plaintiff, $2400?

Under the law, as it existed before the act of 1937, supra (Code Ann. § 114-403), the employer was entitled to set off against the compensation the gross amount established as a legal liability by a recovery in a suit at law by the claimant against a person other than the employer, whose tortious act had caused the injury out of which compensation arose, which in this case would be $3500 which Commissioner Tucker allowed the employer as a credit to be set off against the amount of compensation found for the claimant, provided such $3500 was the legal liability of the bus company to the plaintiff which had been established in a suit at law. Code, § 114-403 (Ga. L. 1922, pp. 185, 186); *Branch* v. *Georgia Casualty Co.*, 39 *Ga. App.* 319 (147 S. E. 144); *Keating* v. *Periodical Publishers Service Bureau*, 56 *Ga. App.* 62 (192 S. E. 80).

Whether or not the amount received by the plaintiff in settlement of the claim which had been reduced to judgment, could, as a mere payment without having been established in a court of law as a legal liability to the plaintiff, under the authority of the act of 1937 have been set off against the compensation to which the claimant was entitled, assuming that this act allows such payment to be set off against the compensation, the amount of this settlement, under the terms of either the act of 1937 or the act of 1922, could be set off if it represented a legal liability which had been established by a recovery in a legal proceeding. *Adams* v. *Liberty Mutual Insurance Co.*, 190 *Ga.* 633 (10 S. E. 2d, 46).

The $5000 judgment certainly constituted an adjudicated liability in the plaintiff's favor against the bus company. Since the greater includes the less, the judgment certainly constituted an adjudication of liability of the defendant to the plaintiff of a portion of it in the amount of $3500. The mere fact that this judgment was settled for a less amount by agreement, and a portion of it

amounting to only $3500 was paid to and accepted by the plaintiff in full satisfaction, did not render this portion of the judgment which was paid to the plaintiff any the less an established adjudicated liability by the defendant to the plaintiff. Therefore, as a legal liability of the bus company to the plaintiff, which had been recovered in a suit at law, some amount of this settlement, whether the gross amount of $3500, or the net amount of $2400, could legally be set off by the employer against the compensation to which the plaintiff was entitled from the employer under the compensation act. If the act of 1922, as codified in § 114-403, supra, applies, the gross amount of $3500 could be set off, and since this amount is greater than the amount of compensation allowed by the director as being the amount to which the plaintiff was entitled, the director's award allowing the credit to the employer in the sum of $3500 as a set-off against the compensation and denying compensation was correct.

However, it is contended by the plaintiff that the act of 1937, supra, which provides for a set-off of the amount represented in the "net damages," is applicable, and that the Industrial Board erred in allowing the employer to set off $3500 representing the gross damages instead of $2400 representing the net damages received by the claimant, and that the Industrial Board erred in not awarding the plaintiff some amount as compensation in the difference between the aggregate amount of compensation in the sum of $2943 and $2400, the net amount which had been received by the plaintiff in the settlement. The widow's right to compensation under the compensation act, for the death of her husband, and to damages against the tort-feasor causing his death, accrued on the date of the death, March 15, 1936, which was more than a year before the approval of the act of 1937, supra. The amounts recoverable by her, either as compensation under the act or as damages under the death statute, were fixed as of that date and could not, without depriving her of a vested right, be changed by any enactment of the legislature after that date. Likewise, any rights which the employer or the tort-feasor may have had as respected the amount recoverable against either of them were fixed and vested as of the date of the homicide, and could in no wise be changed by any subsequent statute. Whether the employer could set off the gross amount of damages recovered against the tort-feasor or paid

by the tort-feasor to the plaintiff, or could set off the net amount recovered or paid, was a substantive and vested right which could not be changed by a subsequent statute. The act of 1937, in so far as it provides for a set-off against the compensation of the "net damages" which may be due or paid by the tort-feasor to the plaintiff, is not remedial and therefore has no retroactive effect.

The judge did not err in affirming the award of the full board denying compensation.

*Judgment affirmed.* *Sutton, J., concurs.* *Felton, J., concurs in the judgment.*