29874. SHEFFIELD COMPANY v. PHILLIPS.

42

Decided March 9, 1943.

*Dykes, Bowers & Dykes,* for plaintiff in error.
*R. L. LeSueur,* contra.

STEPHENS, P. J.   (After stating the foregoing facts.)

The court did not err in overruling the demurrer to the petition.   The plaintiff filed amendments which met the special demurrer.   The demurrer to paragraph 9 of the petition was properly overruled.   In this paragraph the plaintiff alleged that when he entered the defendant's building he did not know that the defendant had an elevator at this place; that there was no sign indicating that there was an elevator, and no guard-rail; that there was nothing at the entrance or on the inside of the building to indicate to the plaintiff that there was an elevator at this location; and that he was free from fault and exercised ordinary care for his own protection.   The defendant demurred to this paragraph, on the ground that the allegations thereof, when considered in connection with the facts alleged in the preceding paragraph (in which the plaintiff described the entrance to the building, and alleged that such entrance was used by defendant's employees in trucking merchandise into the building and to and from the basement, and that this entrance was used generally by the public in entering the defendant's place of business), were insufficient to show that the plaintiff was entitled to enter this doorway without making an investigation, for the reason that the manner in which the entrance was constructed was sufficient notice to him of all facts which an investigation might have disclosed.   The allegations of paragraph 9 were not subject to this ground of demurrer.

The court did not err in vacating its previous order allowing the amendment to the answer, and in disallowing such amendment. The fact that the plaintiff was an employee of the power company and was transacting business for that company, and the fact that the meter book of the regular meter reader which was furnished to the plaintiff by the power company indicated the rear entrance to the defendant's building as the proper place to enter it in order to read the meter, does not show that the plaintiff was injured as the result of any negligence on the part of the power company. The fact that the plaintiff received from the power company compensation under the workmen's compensation act, and executed to it a final settlement receipt releasing it from all further liability under that act as the result of such injury, would not release the defendant from liability for the injury where such injury resulted from the defendant's negligence.   It did not appear that the power

company was a joint tort-feasor with the defendant relatively to the plaintiff's injury. Under the workmen's compensation act an injured employee may maintain an action at law against a third person whose negligent conduct caused his injury, and such suit will not be barred because at the time of his injury the employee was at work for his employer, and such injury arose out of his employment, and the employee received compensation therefor under the compensation act. See *Hotel Equipment Co.* v. *Liddell,* 32 *Ga. App.* 590 (124 S. E. 92); *Athens Railway & Electric Co.* v. *Kinney,* 160 *Ga.* 1 (127 S. E. 290); *Minchew* v. *Huston,* 66 *Ga. App.* 856 (4) (19 S. E. 2d, 422). It is no concern of the person whose negligent acts caused the injury, whether or not the plaintiff would have to account to his employer for the compensation received, in the event of a recovery of damages from the wrongdoer. This is a matter between the employee and his employer. By an amendment to the petition the plaintiff set out the compensation received by him, and alleged that on recovery of damages he proposes to account to his employer for the portion thereof covered by the compensation received from his employer under the settlement made with his employer under the compensation act.

The plaintiff was an invitee on the premises of the defendant at the time he was injured. His employer, the power company, furnished the electric current to the defendant under a contract. The plaintiff was on the premises of the defendant, at the time he was injured, in order to read the meter. The reading of the meter was in furtherance of the contract between the defendant and the power company for the latter to furnish current to the defendant, and it was to the interest of the defendant, as well as to that of the power company, that the meter be read so as to determine the amount of current used by the defendant. There is no merit in the contention that the plaintiff was a mere licensee on the premises. See *Coffer* v. *Bradshaw,* 46 *Ga. App.* 143, 148 (167 S. E. 119). "Where the owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries occasioned by his failure to exercise ordinary care in keeping the premises and approaches safe." Code, § 105-401. The owner or occupier of premises may be liable for failure to warn invitees of dangers or defects on the premises of which the owner

knew or of which it was its duty to know in the exercise of ordinary care. This duty to keep the premises safe for invitees extends to all portions thereof which the invitee may use in the course of the business for which the invitation is extended. This duty to keep the premises safe applies to hidden dangers and defects, etc., and the owner or occupier must use ordinary care to guard, cover, or protect the dangerous or defective portion of the premises, for the safety of persons rightfully thereon, which might include timely warning of such dangerous or defective condition. See *Coffer* v. *Bradshaw,* supra, and cit. The case of *Camp* v. *Curry-Arrington Co.,* 49 *Ga. App.* 594 (176 S. E. 49), is on its facts analogous to the case at bar. This court held as follows: "The undisputed evidence shows that he [plaintiff] was an implied invitee. He was an employee of the Rome Ice Company, in the prosecution of the ice company's business at the time he was injured, and the ice company, in view of its contractual relation with the defendant company, was an invitee, and was not only permitted to go upon the premise of the defendant company, but it was its duty to do so in order to deliver the ice to the defendant. Under the pleadings and the evidence the defendant was operating a store serving the public and receiving merchandise bought by it, and the ice being delivered by plaintiff was merchandise bought by the defendant in the prosecution of its business. To those delivering ice the defendant owed the duty of maintaining its premises in a reasonably safe condition; and its knowledge of who might be sent to said premises for the purpose of delivering the ice could not affect the defendant's duty to the plaintiff or render him a trespasser or a mere licensee. The plaintiff was lawfully upon the premises on an implied invitation." The court held that the defendant was liable in damages to the plaintiff invitee for injuries occasioned by its failure to exercise ordinary care in keeping the premises safe. The defendant was held negligent in maintaining, in front and around its elevator shaft, such a condition that it was with difficulty that the true condition inside of the shaft relatively to the position of the elevator could be ascertained, and in not warning the plaintiff that the elevator had been moved from the first floor to the floor above, so as to leave an open space where the plaintiff fell on entering the premises.

The evidence authorized the verdict, and it was not error to overrule the general grounds of the motion for new trial.

■ The court did not err in permitting the plaintiff to answer the following question: "Tell the jury whether or not you are as able physically to do the duties that you have to do now as you were before you were hurt by this elevator?" The extent of the plaintiff's injuries and his disability physically were for the jury, and it was not improper to allow the plaintiff to answer the question.

Ground 4 of the motion for new trial assigns error on the allowance of an amendment to the petition. Allowance of such an amendment is not a proper ground of a motion for new trial. The defendant should have excepted pendente lite.

While the plaintiff was being cross-examined he was asked whether he had lost any money on account of the doctor's, drug, nurse's, and hospital bills. The court, ex mero motu, did not allow the plaintiff to answer the question, and stated as follows: "That is a mere conclusion. He has stated the facts." This action of the court did not prejudice the jurors' minds against the defendant, and is not ground for a new trial.

The evidence disclosed that the plaintiff was not the regular meter reader for the power company, who was on a vacation at the time the plaintiff was injured; and that the plaintiff was performing this work in his place. Aubrey Easterling was the regular meter reader for the plaintiff's employer, and before the plaintiff's injury had been reading the meter on the defendant's premises. It was not error to permit Easterling to testify as follows: Q. "For the time you read the meter for three and a half years what was there to indicate to you there was an elevator over your head?" A. "I did not notice anything."

The court did not err in permitting a witness to testify that before his injury the plaintiff had never complained to him of any symptoms of rupture, and had never before asked for time off on account of such symptoms of rupture.

The court did not err in permitting a witness to answer the question, "From what you saw of the situation, the location of the meter, the plow points and other hardware there, what was the best location or the most logical location for a meter reader not familiar with the meter, a stranger to the meter, to have stood in to have read that meter?" as follows: "I believe I would have stood in the same position he did, because it looked to me like it would be safer to stand on a ramp than crawl over some hardware."

Under the facts of this case the court did not err in allowing Tom Tillman, an employee of the power company, to reply to the question, "Tell the jury whether the Georgia Power Company and its employees have accepted or rejected the terms of the Georgia workmen's compensation law," by stating that he had seen notices posted at different places about the power company premises, and that he and other employees were working under the compensation act. If this was error, it was harmless.

The court did not err in rejecting a final-settlement receipt signed by the plaintiff, showing that he had received $140.56 in full as compensation from the power company for the injury sustained by him on July 5, 1940. The admission in evidence of this receipt would have served no purpose under the issues involved in this case.

Applying the rulings heretofore made to the effect that the plaintiff was an invitee, that the power company and the defendant were not joint tort-feasors, and that the plaintiff was not barred, because of having received compensation from the power company, from recovering against the defendant, no error appears in the remaining grounds of the motion for new trial, dealing with requests to charge and with certain instructions to the jury.

The evidence authorized the verdict, which was not excessive; and no error of law appearing, the court did not err in overruling the motion for new trial.

*Judgment affirmed. Sutton and Felton, JJ., concur.*