33981. LIBERTY MUTUAL INSURANCE COMPANY *et al.* v. CRIST.

DECIDED MAY 1, 1952—REHEARING DENIED JULY 21, 1952.

*W. Neal Baird, Neely, Marshall & Greene,* for plaintiffs in error.

*W. S. Allen,* contra.

CARLISLE, J.   Prior to the act of 1937 (Ga. L. 1937, pp. 528, 530; Code, Ann. Supp., § 114-403), it was provided by the act

of 1922 (Ga. L. 1922, pp. 185, 186; Code, § 114-403): "Damages and compensation both recoverable; subrogation.—When an employee receives an injury for which compensation is payable under this Title, which injury was caused *under circumstances creating a legal liability in some person* other than the employer to pay damages in respect thereto, the employee or beneficiary may institute proceedings both against that person to recover damages and against the employer for compensation, but the amount of compensation to which he is entitled under this Title shall be reduced by the amount of damages recovered. If the employee or beneficiary of the employee in such case recovers compensation under this Title, the employer by whom the compensation was paid, or the party who was called upon to pay the compensation, shall be entitled to reimbursement from the person so *liable to pay* damages as aforesaid, and shall be subrogated to the right of the employee to recover from him to the extent of the compensation." (Italics ours).

By the act of 1937, the words which we have italicized above were stricken from the act of 1922, and the word "net" was added at another point so as to provide that the act of 1922 as amended should read as follows: "When an employee receives an injury for which compensation is payable under this Title, which injury was caused under circumstances whereby payment is made by some person other than the employer to pay damages in respect thereto, the employee or beneficiary may institute proceedings both against that person to recover damages and against the employer for compensation, but the amount of compensation to which he is entitled under this Title shall be reduced by the amount of net damages recovered. If the employee or beneficiary of the employee in such case recovers compensation under this Title, the employer by whom the compensation was paid, or the party who was called upon to pay the compensation shall be entitled to reimbursement from the person so paying damages as aforesaid, and shall be subrogated to the right of the employee to recover from him to the extent of the compensation."

The Supreme Court in *Lloyd Adams Inc.* v. *Liberty Mutual Ins. Co.*, 190 *Ga.* 633, 641 (10 S. E. 2d, 46), declared, "that the portion of the first sentence of Code § 114-403 [as amended by

the Act of 1937], declaring that an injured employee may maintain a suit against a tortfeasor after having accepted payment from him for the damages sustained is unconstitutional and void; and that the second sentence of the section is entirely null and void."

"It is a uniform rule that, where there is a valid act and an attempted but unconstitutional amendment to it, the original act is not affected, but remains in full force and effect, even though there are express words of repeal, unless it is clear that the legislature intended such repeal." 66 A. L. R. 1483, citing *Barker* v. *State,* 118 *Ga.* 35 (44 S. E. 874); *Georgia Empire Mutual Ins. Co.* v. *Wright,* 118 *Ga.* 796 (45 S. E. 606); and see also *Wright* v. *Southern Bell Tel. & Tel. Co.,* 127 *Ga.* 227 (56 S. E. 116); *Clark* v. *Reynolds,* 136 *Ga.* 817, 824 (5) (72 S. E. 254); *Stegall* v. *Southwest Georgia Regional Housing Authority,* 197 *Ga.* 571, 583 (30 S. E. 2d, 196); *Bennett* v. *Wheatley,* 154 *Ga.* 591 (2) (115 S. E. 83).

Applying the foregoing rule to the Code section here under consideration, we are of the opinion that the law today is the same as it was prior to the purported amendment contained in the act of 1937; and it follows, therefore, that, under the facts of this case, the claimant was not entitled to the award of the State Board of Workmen's Compensation granting him additional compensation. It appears from the agreed statement of fact which was before the superior court on appeal and from the record in the case that the claimant, under an agreement award, was granted compensation for total disability, beginning on September 9, 1948, at the rate of $20 per week; that payment of this sum was made weekly up until November 9, 1950, a period of some 114 weeks, making a total of some $2280; and that on that date it was made to appear that the claimant had obtained a judgment in a Federal court against a third party tortfeasor for the same injury in the sum of $13,000, which had been paid. Thus, under the first provision of Code § 114-403: "When an employee receives an injury for which compensation is payable under this Title, which injury was caused under circumstances creating a legal liability in some person other than the employer to pay damages in respect thereto, the employee or beneficiary may institute proceedings both against

that person to recover damages and against the employer for compensation, *but the amount of compensation to which he is entitled under this Title shall be reduced by the amount of damages recovered,*" the board was not authorized to enter the second award in this case granting the claimant additional compensation at the rate of $20 per week for 350 weeks, less the number of weeks already paid under the agreement award; for, after obtaining the judgment for $13,000, the claimant was not entitled to payment of the remaining 236 weeks, which would have brought his total compensation to $7000, the total amount which he could have received in any event, for the compensation should "be reduced by the amount of the damages recovered." *Thomas* v. *Town of Savannah Beach,* 66 *Ga. App.* 178 (17 S. E. 2d, 747).

There is nothing contrary to what is ruled here in any of the cases dealing with *voluntary payments* made to the claimant by the third party tortfeasor before judicial determination of legal liability. Those cases have no application to the facts of this case.

*Judgment reversed. Gardner, P.J., and Townsend, J., concur.*

ON MOTION FOR REHEARING.

CARLISLE, J. Counsel for the claimant has so earnestly contended in his motion for rehearing that the effect of the decision in the *Lloyd Adams* case, supra, is not that which this court has given it in the present case, and in view of the widespread consequences which this decision may have upon employees in this State under the Workmen's Compensation Act, we have studiously reconsidered the entire case and find that perhaps some of the language in the original opinion should be somewhat modified.

In the *Lloyd Adams* case, the Supreme Court struck down the amendment of 1937 to Code § 114-403 for creating the legal absurdity that, as a condition precedent to subrogating the employer, or insurance carrier, to the rights of the employee against a third-party tortfeasor, such tortfeasor must have paid the employee for his damages. When such payment by the third-party tortfeasor was made a condition precedent to subrogation, it was at the same time, under the wording of the act as amended, made a condition precedent to an employee's

proceeding against both the employer and the third-party tort-feasor simultaneously, and recovery in the proceeding against the tortfeasor was made a condition precedent to the employer's, or insurance carrier's, reducing "the amount of compensation to which he [the claimant employee] is entitled under this Title . . by the amount of net damages recovered."

By the act of 1922 (Ga. L. 1922, pp. 185, 186) the General Assembly conferred upon the employer the right of having, in effect, not to pay the employee for an injury arising out of and in the course of his employment, where such injury is occasioned by a third-party tortfeasor, by the simple expedient of allowing a reduction in the amount of compensation to which the employee would have been entitled under the Workmen's Compensation Act "by the amount of damages recovered" from the third-party tortfeasor who had occasioned the injury.

Prior to the act of 1922 the employee had been said to be entitled to both compensation and damages. *Athens Railway Co.* v. *Kinney,* 160 *Ga.* 1, 6, 7 (127 S. E. 290) ; *Atlantic Ice & Coal Corp.* v. *Wishard,* 30 *Ga. App.* 730 (119 S. E. 429). By the act of 1922, as indicated above, the employee's right to *both* compensation from the employer and damages from the third-party tortfeasor was circumscribed. Under that act the employee was still entitled to damages from the third-party tortfeasor, but the employer, or insurance carrier, was entitled to reduce the amount of compensation by the amount of damages recovered. This was a limitation upon the rights and liabilities of the employee and the employer, or insurance carrier, but conferred no benefits upon the third-party tortfeasor. *Blair* v. *Smith,* 201 *Ga.* 747 (41 S. E. 2d, 133) ; *Sheffield* v. *Phillips,* 69 *Ga. App.* 41, 45 (24 S. E. 2d, 834) ; *Minchew* v. *Huston,* 66 *Ga. App.* 856 (19 S. E. 2d, 422). Receipt of compensation by the employee was no limitation upon the employee's rights against the third-party tortfeasor, but at the same time it was never conceived by the General Assembly that by the act of 1922 the third-party tortfeasor was to pay the employee full damages *and* compensation. The idea of a person's paying twice for the same injury has ever been a pariah to the principles of Anglo-American law.

What then could have been the General Assembly's intention

in amending the act of 1922 by the act of 1937? If by such amendment it could be said that the General Assembly was endeavoring to return to the employee the right, which existed prior to the amendment of 1922, to both compensation from the employer and damages from the third-party tortfeasor, it chose a devious route indeed. Quite obviously, we think, the General Assembly had no such intention, but was endeavoring, from the most beneficent motives, to excuse the employer's, or insurance carrier's, payment of compensation *only* in the event the tortfeasor had actually paid the employee his damages, as the establishment of the legal liability alone of the tortfeasor was frequently a hollow victory for the injured employee if the tortfeasor was insolvent and a "paper" judgment establishing the tortfeasor's liability permitted the employer, or insurance carrier, to reduce the compensation by the amount of the judgment. And, under circumstances where the tortfeasor was insolvent, a worthless judgment against him had the effect of depriving the employee of his compensation, and thus, as a practical matter, the employee frequently lost his right to compensation and received nothing from the insolvent tortfeasor either, whereas prior to the amendment of 1922 he had been entitled to both compensation and damages.

Law-making bodies are not presumed to intend to repeal an existing law by the device of inserting therein an unconstitutional and invalid provision; and where such an unconstitutional and invalid provision is appended to an existing law, the law as it existed prior to the invalid amendment will be continued in force by the simple operation, as well known to the legal as the medical profession, of excising the malignant appendage.

As Mr. Sutherland has deduced from a host of authorities cited in his monumental work on Statutory Construction (3rd. ed.) Vol. I, pp. 442, 443, § 1937, if the amendatory act or section is invalid, the statute or section sought to be amended is held to remain in full force, and this rule is applicable although the amending act contains a repealing clause.

The Supreme Court in the *Lloyd Adams* case was concerned solely with the subrogation feature of Code § 114-403, as amended by the act of 1937, and was not called upon to decide, nor did it do so, the question of the employer's, or insurance

591

carrier's, right to discontinue payment of compensation to an employee where such employee had been paid damages by the third-party tortfeasor, following a judgment in favor of the employee against such tortfeasor. In that case the insurance carrier was endeavoring to recover from the third-party tortfeasor compensation which it had paid the employee after (as was assumed by the Supreme Court for the purposes of the decision, since the fact of payment was a condition precedent to the suit and an amendable defect) payment had already been made to the employee by the third-party tortfeasor.

However, if payment by the tortfeasor be a condition precedent to subrogation under Code § 114-403 as amended—and the Supreme Court has held this to be so and declared it a legal absurdity—it is just as much a legal absurdity that payment by the tortfeasor is made a condition precedent to a proceeding by the employee against the tortfeasor and a recovery in that proceeding (which proceeding, after payment by the tortfeasor, the Supreme Court has held impossible) is made a condition precedent to the employer's, or insurance carrier's, reducing the amount of compensation by the amount of "net damages recovered" in that proceeding. Therefore, if the employer, or insurance carrier, in the present case is entitled to a reduction in compensation, or to discontinue compensation, it is so by virtue of an application of the principles stated in the cases cited in the original opinion in this case, that the law as it existed prior to the invalid amendment of 1937 remained in full force; and, believing this court to be bound by those decisions, we adhere to the original judgment of reversal in this case.

*Rehearing denied. Gardner, P.J., and Townsend, J., concur.*