35256. GAY *v.* GREENE.

DECIDED NOVEMBER 16, 1954.

*John A. Dunaway, Wm. H. Mewbourne,* for plaintiff in error. *Northcutt & Edwards, R. J. Edwards,* contra.

NICHOLS, J. ■ The judgment sustaining the plaintiff's demurrer to a paragraph of the answer may not be excepted to until a final judgment has been rendered in the case, and hence will not be reviewed. Code (Ann.) § 6-701; *Clay* v. *Merchants Mutual Credit Corp.,* 86 *Ga. App.* 832 (72 S. E. 2d 833).

■ The defendant contends that the court erred in overruling his demurrer to the petition, not because of its failure to set out a case of malpractice, but because the plaintiff was awarded workmen's compensation and accepted medical treatment paid for by his employer. According to Code § 114-502, "The employer shall not be liable in damages for malpractice by a physician or surgeon furnished by him pursuant to the provisions of this section, but the consequences of any such malpractice shall be deemed part of the injury resulting from the accident, and shall be compensated for as such." It is argued that "damages" are synonymous in law with "compensation"; that at common law a negligent employer was liable in damages both for the original injury and for the malpractice of the employee's attending physician, and hence that the plaintiff, having received workmen's compensation, in that nature of "damages," from his employer covering both the injury and the consequences of any malpractice, has received full satisfaction of his causes of action

for the original injury and for the consequences of the alleged malpractice in the treatment of that injury.

This argument falls with its premise. Workmen's statutory compensation is not in the nature of damages awarded for injury and is not intended to give full satisfaction for an injury; it is more like benefits provided ex contractu under a policy of insurance. *Hotel Equipment Co.* v. *Liddell*, 32 *Ga. App.* 590 (124 S. E. 92). Compensation is not paid in settlement of a tort claim, for an employer is liable under the Workmen's Compensation Law without regard to its fault or negligence; and, as to the employee, the employer cannot be considered as a joint tortfeasor with a third person whose negligence may cause or aggravate the employee's injury. *Williams Bros. Lumber Co.* v. *Meisel*, 85 *Ga. App.* 72, 74 (3) (68 S. E. 2d 384).

Code § 114-103 provides that the rights and remedies granted to an employee where he and his employer have accepted the provisions of the act shall exclude all other rights or remedies of such employee, at common law or otherwise, on account of an injury by accident arising out of and in the course of the employment. But this section excludes only the employee's "other rights" against the employer, and persons *other than the employer* are not to have the benefit of the act. *Athens Ry. &c. Co.* v. *Kinney*, 160 *Ga.* 1 (127 S. E. 290); *Hotel Equipment Co.* v. *Liddell*, supra.

Code § 114-403 is as follows: "When an employee receives an injury for which compensation is payable under this Title, which injury was caused under circumstances creating a legal liability in some person other than the employer to pay damages in respect thereto, the employee or beneficiary may institute proceedings both against that person to recover damages and against the employer for compensation, but the amount of compensation to which he is entitled under this Title shall be reduced by the amount of damages recovered. If the employee or beneficiary of the employee in such case recovers compensation under this Title, the employer by whom the compensation was paid, or the party who was called upon to pay the compensation, shall be entitled to reimbursement from the person so liable to pay damages as aforesaid, and shall be subrogated to the right of the employee to recover from him to the extent of the com-

pensation." We have set out the section as it existed before the amendment of 1937, as that amendment was held to be unconstitutional (*Lloyd Adams, Inc.* v. *Liberty Mutual Ins. Co.*, 190 *Ga.* 633, 10 S. E. 2d 46), and the section as it existed before the 1937 amendment is still in effect (*Maryland Casualty Co.* v. *Stephens*, 76 *Ga. App.* 723, 47 S. E. 2d 108; *Liberty Mutual Ins. Co.* v. *Crist*, 86 *Ga. App.* 584, 71 S. E. 2d 910). This section does not vest title to a claim against a third person for injury to an employee in the employer or insurance carrier. *Travelers Ins. Co.* v. *Ga. Power Co.*, 51 *Ga. App.* 579 (1c) (181 S. E. 111); *Lloyd Adams, Inc.* v. *Liberty Mutual Ins. Co.*, supra. This section circumscribes the employee's right to recover both compensation from the employer and damages from the third-party tortfeasor, but it confers no benefits upon the third person. *Liberty Mutual Ins. Co.* v. *Crist*, supra.

The defendant urges that, as a physician employed by the employer to furnish medical treatment to injured employees, he is not a "person other than the employer," against whom a "legal liability . . . to pay damages in respect" to a compensable injury may exist. It is said that the physician is always involved in a compensation case, since the medical treatment is furnished by the employer as a part of the statutory compensation plan. But an employee's common-law rights are preserved, even against an employer's general manager who injures the employee. *Echols* v. *Chattooga Mercantile Co.*, 74 *Ga. App.* 18 (38 S. E. 2d 675). It is alleged that the defendant was "employed," but as a physician he would be charged with exercising his own judgment in determining the manner and methods of treating an injury. The National Lead Company was not engaged in the practice of medicine; rather, the defendant physician was engaged in his own profession as an independent contractor. His liability arises from the doctor-patient relationship with the plaintiff, and not from an employer-employee relationship. The physician attending the injured employee is not a party to the compensation case or settlement. Nothing in the Workmen's Compensation Act places an attending physician in a class with the employer.

It is finally contended that the maintenance of the present suit will lead to a double recovery of damages. But the subro-

gation provision of Code § 114-403 and the form in which this suit was brought, for the use of the employer to the extent of the compensation paid and medical expenses incurred by the employer, protect against this result. *Echols* v. *Chattooga Mercantile Co.*, supra; *Murphy* v. *Holman,* 179 *Ga.* 329 (176 S. E. 5).

The case of *McConnell* v. *Hames,* 45 *Ga. App.* 307 (164 S. E. 476), held that a demurrer was properly sustained to a joint suit against an insurance carrier, for its negligence in furnishing incompetent physicians to treat the plaintiff's injuries, and against the two attending physicians, for their malpractice. The reasoning of the case seems to be that the physicians and the insurance carrier (representing the employer's interest) were joint tortfeasors; and, following the *dictum* in *Athens Ry. &c. Co.* v. *Kinney,* supra, that the employee was not entitled to sue a third party who was a joint tortfeasor with the employer. This was pronounced *obiter* in *Echols* v. *Chattooga Mercantile Co.,* supra, citing *Rome Ry. &c. Co.* v. *Jones,* 33 *Ga. App.* 617 (127 S. E. 786), as holding to the contrary. The *McConnell* case does not appear to have been thoroughly considered, and was decided by only two judges. We decline to follow it, if it is opposed to what we hold in this case.

Counsel for the defendant have pointed out to us authority from other jurisdictions as supporting what is said to be the majority rule. Without attempting to say which rule prevails in the greater number of jurisdictions, we find the following cases in support of the ruling we make: Schumacher *v.* Leslie, 360 Mo. 1238 (232 S. W. 2d 913), overruling Hanson *v.* Norton, 340 Mo. 1012 (103 S. W. 2d 1); Seaton *v.* U. S. Rubber Co., 223 Ind. 404 (61 N. E. 2d 177); Hancock *v.* Halliday, 65 Idaho 645 (150 Pac. 2d 137); Duprey *v.* Shane, 39 Cal. 2d 781 (249 Pac. 2d 8); McGough *v.* McCarthy Improvement Co., 206 Minn. 1 (287 N. W. 857); Hoffman *v.* Houston Clinic, Tex. Civ. App., 41 S. W. 2d 134; Keen *v.* Allison, 166 Tenn. 218 (60 S. W. 2d 158); Huntoon *v.* Pritchard, 371 Ill. 36 (20 N. E. 2d 53); Froid *v.* Knowles, 95 Colo. 223 (36 Pac. 2d 156); Baker *v.* Wycoff, 95 Utah 199 (79 Pac. 2d 77). In some of the cases ruling to the contrary, we find persuasive dissenting opinions: Overbeek *v.* Nex, 261 Mich. 156, 164 (246 N. W. 196); Williams

*v.* Dale, 139 Ore. 105, 113 (8 Pac. 2d 578, 82 A. L. R. 922); Polucha *v.* Landes, 60 N. Dak. 159, 175 (233 N. W. 264); Makarenko *v.* Scott, 132 W. Va. 430, 452 (55 S. E. 2d 88).

In a case construing sections of the Virginia Compensation Act which are substantially the same as our Code §§ 114-103, 114-403, and 114-502, the Supreme Court of Appeals of Virginia unanimously held, as we do now, that an employee, who had been injured in an accident arising out of and in the course of his employment and had been awarded and had accepted the benefits provided under the workmen's compensation act, was not thereby barred from maintaining an action against a physician or surgeon for malpractice in treating the injuries resulting from the accident. Fauver *v.* Bell, 192 Va. 518 (65 S. E. 2d 575).

The court did not err in overruling the demurrer to the petition.
*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*